CHICAGO TITLE AND TRUST COMPANY, Trustee, Plaintiff-Appellee, *v.* EUGENIA CZUBAK *et al.*, Defendants and Counterplaintiffs-Appellees.— (EDWARD J. PALUCH, Defendant and Counterdefendant-Appellant.) .

First District (4th Division)   No. 77-5

Opinion filed December 7, 1978.—Rehearing denied January 5, 1979.

Edward J. Paluch, of Chicago, for appellant, *pro se.*

Sudak, Grubman, Pritikin, Rosenthal & Feldman, of Chicago (Alan E. Sohn, of counsel), for appellees.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

Edward J. Paluch, defendant-counterdefendant-appellant, appeals from an order of the circuit court of Cook County granting defendants-counterplaintiffs-appellees' motion for attorney's fees and costs under section 41 of the Illinois Civil Practice Act (hereinafter Civil Practice Act) (Ill. Rev. Stat. 1975, ch. 110, par. 41). We affirm the trial court's ruling.

The issues on appeal are (1) whether the trial court had jurisdiction of the case at the time the judgment was rendered and (2) whether an ex parte judgment was entered against appellant.

Appellees filed a motion for attorney's fees and costs under section 41 of the Civil Practice Act on July 3, 1975. The matter was continued from time to time, and on October 5, 1976, a judgment was entered against appellant for attorney's fees and costs for $12,178.

Appellant filed a motion to vacate the judgment on the ground that the trial court did not have jurisdiction to enter the judgment. Appellant argues, *inter alia*, that the trial court lacked jurisdiction because a notice of appeal of a judgment entered June 6, 1975, had been filed with the appellate court and that case was still pending.

Appellant relies upon *Cowdery v. Northern Trust Co.* (1944), 321 Ill. App. 243, in support of his position that the trial court lacked jurisdiction. The court in *Cowdery*, at pages 268-69, states the general rule that jurisdiction of the appellate court attaches when the notice of appeal is filed and the jurisdiction of the trial court is ousted.

Appellees argue that the trial judge had jurisdiction to enter judgment on the section 41 motion, notwithstanding the pendency of the appeal, citing *Lind v. Spannuth* (1956), 8 Ill. App. 2d 442. In *Lind*, at page 452, Judge Feinberg, in a specially concurring opinion, concluded that to say an appeal ousts the trial court of jurisdiction or the trial court "lost jurisdiction of the case" are not accurate expressions of the rule and are likely to lead to confusion.

Judge Feinberg went on to say that a perfected appeal restrains the trial court from entering any order which would change or modify the judgment, or the scope thereof, and from entering any order which would have the effect of interfering with the review of the judgment. *Lind*, at page 453.

This view is in agreement with the court in *Arndt v. Arndt* (1947), 331 Ill. App. 85, 93, in which the appellate court of Illinois stated that "matters independent of and distinct from the questions involved in the appeal are not taken from the jurisdiction of the trial court."

Here, we find, as the court did in *Arndt*, at page 94, that the order for attorney's fees and costs entered by the trial court relates to a matter not affected in anyway by the appeal and is not dependent in any respect on the final outcome of the suit. Therefore, the trial judge had jurisdiction to order appellant to pay attorney's fees and costs after notice of appeal had been filed.

Appellant further asks for reversal of the ruling on the ground that the judgment was entered ex parte. We find no merit in this argument upon reviewing the record and after hearing the statements of both parties at oral argument on this issue. Appellant was present in court on

the numerous occasions when the proceedings were continued. Additionally, when he did not appear on September 27 when the motion was heard, he was telephoned by appellees' attorney from Judge O'Brien's chambers. Notwithstanding, appellant chose not to appear and the judge heard arguments on the motion from which the judgment against him ensued. We find that appellant had sufficient notice of the proceedings.

In light of the foregoing, we affirm the judgment of the circuit court of Cook County.

Affirmed.

ROMITI and LINN, JJ., concur.