MARI E. HERMAN, Plaintiff-Appellee, v. LORETTA FITZGERALD, Defendant-Appellant.

Second District   No. 2—88—0376

Opinion filed January 23, 1989.

John V. Roscich, of Roscich & Roscich, of Naperville, for appellant.

Kevin F. Lynch, of Elizabeth L. Krueger, P.C., of Wheaton, for appellee.

JUSTICE DUNN delivered the opinion of the court:

The defendant, Loretta Fitzgerald, appeals the trial court's order which dismissed her petition for attorney fees pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611) (hereinafter section 2—611) as untimely filed. On appeal, the defendant contends that there is no statutory deadline for the filing of section 2—611 petitions; alternatively, she submits that because she mailed notice of her petition to the plaintiff within 30 days of the trial court's judgment, any time limit which might apply to such petition was satisfied. We do not agree with either of the defendant's contentions and therefore affirm the trial court's order. The pertinent facts are set out below.

The plaintiff, Mari E. Herman, filed a small claims complaint against the defendant on September 22, 1986, in the circuit court of Du Page County, alleging that the defendant had violated the terms of a lease and had caused damage to the leased property. The plaintiff sought $2,500 in relief. The defendant was served on October 24, 1986, and appeared through counsel on November 17, 1986. The plaintiff obtained her own lawyer, who appeared on April 13, 1987. On this date, the plaintiff sought and was granted leave to file an amended complaint which set forth the original allegations, as well as a claim that the defendant had intentionally given her a bad check in violation of the deceptive practices act (Ill. Rev. Stat. 1987, ch. 38, par. 17—1(B)(a)).

On August 19, 1987, the defendant was granted leave to file a motion to strike. She filed such a motion on the ground that the amended complaint was not signed by the plaintiff's attorney as required by section 2—611. (We note that the amended complaint contained in the record that was filed in the office of the clerk of the

circuit court is date stamped April 13, 1987, and bears the signature of Sue Mueller, an associate of the plaintiff's attorney.)

Ultimately, the matter was tried before Judge Robert E. Byrne on October 27, 1987. The court issued a bench decision for the plaintiff in the amount of $369.36 plus costs. On December 10, 1987, 44 days later, the defendant filed a petition seeking attorney fees and costs pursuant to section 2—611, claiming that portion of the plaintiff's amended complaint alleging violations of the deceptive practices act was false and without basis in law. The plaintiff moved to dismiss this petition. The court dismissed the petition as not timely filed on March 17, 1988. The defendant timely appeals from this dismissal.

The issue presented on appeal is whether a petition seeking sanctions pursuant to section 2—611, as amended, must be filed within 30 days following the entry of a judgment. We believe this is a case of first impression in Illinois.

Section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611) has provided the springboard for a myriad of petitions filed by defendants and plaintiffs alike seeking the sanctions it allows for false and improper pleadings. The decisions considering the scope of section 2—611, and its interpretations since its most recent amendment (Pub. Act 84—1431, art. 2, §1, eff. November 25, 1986), are legion. Yet this court has been unable to locate a single decision addressing the issue presented in the instant appeal.

Section 2—611 provides in pertinent part:

"Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record ***. The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *** If a pleading, motion, or other paper is signed in violation of this Section, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses, incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee." (Ill.

Rev. Stat. 1987, ch. 110, par. 2—611.)
The section further provides:

> "All proceedings under this Section shall be within, and part of the civil action in which the pleading, motion or other paper referred to herein has been filed, and no violation or alleged violation of this Section shall give rise to a separate cause of action, or another cause of action within the civil action in question, by, on behalf of or against any party to the civil action in question, and by, on behalf of or against any attorney or insurance company involved in the civil action in question." Ill. Rev. Stat. 1987, ch. 110, par. 2—611.

The latter sentence set forth above which proscribes a party from initiating a new, separate action via a section 2—611 petition was added when the section was amended by Public Act 84—1431. This amendment, which became effective November 25, 1986, also deleted the explicit statement that a motion filed pursuant to section 2—611 had to be made within 30 days of the judgment or dismissal. This court discussed section 2—611, its history and its predecessor, section 41 of the former Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 41), in *Center Bank-Glen Ellyn v. Kauth* (1986), 142 Ill. App. 3d 189, 192, 491 N.E.2d 819, 820-21. There we held that certain amendments made to section 2—611 in 1976 had the effect of codifying existing practice. We expressly disregarded the holding in *Szymkowski v. Szymkowski* (1982), 104 Ill. App. 3d 630, 635, 432 N.E.2d 1209, 1212-13, where the Appellate Court for the First District held that the inclusion of an explicit 30-day time limit in the 1976 amendments was intended to change existing practice. The defendant, in urging us to follow the holding in *Szymkowski*, claims that the 1986 amendment of section 2—611 now has the effect that petitions filed pursuant to it need not be filed within 30 days. The defendant asserts that by omitting a 30-day requirement, the legislature strengthened this section by giving the court unending jurisdiction to impose sanctions. The defendant's argument ignores the language of section 2—611, the time limitation set forth in section 2—1203 (Ill. Rev. Stat. 1987, ch. 110, par. 2—1203), and existing case law.

■ Section 2—1203 of the Code of Civil Procedure provides that in nonjury cases, a party may file certain motions within 30 days after the entry of judgment. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1203.) The motions contemplated by this section are motions for a rehearing, a retrial, modification or vacation of a judgment, "or for other relief." Such motions have been referred to by the courts vari-

ously as "post-trial motions" or "post-judgment motions." (See, *e.g.,* *Jeanblanc v. Mellott* (1987), 152 Ill. App. 3d 801, 808-09, 504 N.E.2d 990, 995; *Coleman v. Windy City Balloon Port, Ltd.* (1987), 160 Ill. App. 3d 408, 418, 513 N.E.2d 506, 513.) Although no cases we have found are directly on point, several opinions have characterized section 2—611 petitions for attorney fees as "post-trial motions." See *Sherman Hospital v. Wingren* (1988), 169 Ill. App. 3d 161, 162, 523 N.E.2d 220, 221; *Chavez v. Watts* (1987), 161 Ill. App. 3d 664, 666, 668, 515 N.E.2d 146, 148, 149; *Silas v. Robinson* (1985), 131 Ill. App. 3d 1058, 1059, 1064, 477 N.E.2d 4, 6, 9.

■ This court has long held that a trial court loses jurisdiction when, after 30 days, no post-trial motion has been filed. (*City of De Kalb v. Anderson* (1974), 22 Ill. App. 3d 40, 43, 316 N.E.2d 653, 656.) No motion of any kind was filed by either of the parties in the instant case within 30 days following the court's decision of October 27, 1987. On the 44th day following that order, the defendant filed her section 2—611 petition for attorney fees and costs. There is no indication in the record, nor does the defendant allege, that the trial court retained jurisdiction of this matter for any reason beyond 30 days.

■ Imposing sanctions as it does, section 2—611 is penal in nature and therefore must be construed strictly. (*In re Marriage of Hartian* (1988), 172 Ill. App. 3d 440, 453, 526 N.E.2d 1104, 1114; *Lee v. Egan* (1987), 160 Ill. App. 3d 1078, 1081, 513 N.E.2d 1023, 1025.) This section quite plainly requires that any petition filed under its auspices must be within and part of the ongoing civil action. It specifically prohibits a party from initiating a separate cause of action. It is clear that, during the course of a lawsuit, either party may file a section 2—611 petition at any time. We believe that, in view of the foregoing discussion, it is equally clear that section 2—611 petitions filed after judgment fall within the category of post-trial motions which must be filed within 30 days following entry of judgment as required by section 2—1203 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—1203).

In accordance with our holding, we affirm the trial court's dismissal of the defendant's section 2—611 petition; however, we shall briefly address two other contentions advanced by the defendant.

■ The defendant claims that the operation of Supreme Court Rule 287(b) prevented her from filing her section 2—611 petition within 30 days of judgment. This rule provides that, with certain exceptions, motions may not be filed in small claims matters without prior permission of the court. The defendant claims that she at-

tempted to get a date to argue her section 2—611 petition from the clerk of the court but could not get such an argument date until December 10, 1987, the day on which she in fact filed her petition. The attempt to get the date was apparently a telephone call defense counsel made to the clerk of the court on November 17, 1987. It would appear that the defendant failed to actually seek leave of the court to file her section 2—611 petition, but rather sought directly to have the petition argued before the court. The more appropriate procedure would have been to file a request for leave to file the petition. There is no evidence in the record that such an attempt was made. Further, the defendant could have brought her section 2—611 petition at any time after the offending pleading was filed, *i.e.*, the plaintiff's amended complaint of April 13, 1987. There is no requirement in the section that a party must wait until after judgment to file such a petition. Further, the defendant understood the appropriate procedure by which to seek leave for filing such a motion, as is made clear by the fact that she sought leave to file the motion to strike the amended complaint pursuant to section 2—611 on August 19, 1987.

■ Lastly, the defendant submits that service of her section 2—611 petition upon the plaintiff within 30 days following the entry of judgment should satisfy any 30-day time limit that may apply. In support of her contention, the defendant cites *In re Marriage of Morse* (1986), 143 Ill. App. 3d 849, 493 N.E.2d 1088. As the plaintiff correctly states in her brief, *Morse* and the cases upon which it relies are readily distinguishable factually from the instant case. In *Morse*, the court considered the question of whether the deposit of a party's post-trial motion in the mail constituted the filing of a motion pursuant to section 2—1203. The respondent in *Morse* had deposited his post-trial motion addressed to the trial judge in the mail on the 30th day following the judgment as attested to by a proof of service stamp; however, the envelope was not marked until the 31st day and was not filed by the clerk of the court until the 33rd day following the judgment. The reviewing court, relying upon earlier decisions which held that the mailing of the post-trial motion within 30 days following judgment was timely, held that the deposit of a motion in the mail within 30 days was also timely. It is noteworthy that in *Morse*, as well as the cases upon which it relies, all of the motions were mailed to the clerk of the court or the judge. We find no authority and the defendant provides none that supports her assertion that mailing a notice of motion to the opposing party within 30 days constitutes timely *filing* of the motion. Clearly, mailing documents to

one's opposing party does not constitute filing documents with the clerk of the court. To hold otherwise is to suspend all logic.

Accordingly, for the reasons set forth above, we affirm the trial court's dismissal of the defendant's section 2—611 petition for attorney fees.

Affirmed.

NASH and INGLIS, JJ., concur.