SAM TUMMINARO, Plaintiff-Appellant, v. ROBERT TUMMINARO, as President of J. Peter Company, Inc., *et al.*, Defendants-Appellees.

Second District   No. 2—89—0633

Opinion filed June 14, 1990.

H. Kent Heller and Christopher J. Stull, both of H. Heller & Associates, of Naperville, for appellant.

Elizabeth Hubbard and Mark D. Rivera, both of Elizabeth Hubbard, Ltd., of Chicago, for appellees.

JUSTICE WOODWARD delivered the opinion of the court:

The plaintiff, Sam Tumminaro, appeals from the trial court's dismissal of his third amended complaint against the defendants, Robert Tumminaro and J. Peter Company, Inc. The complaint, which alleged that the defendants had breached an oral partnership agreement with the plaintiff, sought a winding up of partnership affairs and recovery of unpaid remunerations and partnership profits. Prior to initiating this action, the plaintiff also filed a complaint for unpaid overtime wages with the Department of Labor (DOL). The trial court dismissed the complaint pursuant to section 2—619(a)(3) of the Code of Civil Procedure (the Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(3)) because of the plaintiff's DOL complaint. At issue on appeal is whether the dismissal of the plaintiff's third amended complaint was required under section 2—619(a)(3) because of his pending DOL action for overtime wages. Before addressing this issue, we must also address the plaintiff's motion to inform the court, which was ordered taken with the case, concerning the question of whether this appeal is moot.

Defendant Robert Tumminaro is the president of defendant J. Peter Company and is also the plaintiff's nephew. Beginning in February 1980, the plaintiff and defendants entered into an ongoing commercial relationship that lasted until August 1985. The plaintiff characterizes this relationship as a partnership, with the plaintiff contributing his labor and technical skills to the venture.

Although the record does not reflect precisely when it was filed,

the plaintiff's DOL complaint alleged that defendant J. Peter Company did not pay him overtime wages as required by the Minimum Wage Law (Ill. Rev. Stat. 1987, ch. 48, par. 1001 *et seq.*). (DOL case No. 10714.) The DOL's preliminary investigation indicated that the plaintiff was entitled to $4,204.80 in unpaid overtime wages. Pursuant to defendant J. Peter Company's request, a hearing on the matter was held before a DOL hearing officer on February 20, 1987. At the hearing, J. Peter Company argued that the plaintiff was not entitled to overtime wages because he was employed in a "bona fide executive, administrative or professional capacity" (Ill. Rev. Stat. 1987, ch. 48, par. 1004a(2)(E)). Following the hearing, the hearing officer asked both parties in the DOL action to submit written memoranda summarizing their positions.

Of interest here are statements in the plaintiff's memorandum dated March 13, 1987, which attempted to rebut the claim that he was an executive, administrative, or professional employee. The memorandum stated that "Sam Tumminaro was, is and always will be a tool and die maker, and nothing more." Contrary to the assertions made by J. Peter Company, the plaintiff stated that he had never been informed that the corporate records listed him as a vice-president and that, even if he was so listed, this "cannot change his status as an everyday worker, a skilled craftsman, [and] a tool and die maker." The plaintiff denied ever taking part in the management of J. Peter Company. Finally, the plaintiff noted that the hearing officer "had ample opportunity to observe the claimant—his hands, his clothing, his complexion and demeanor" and asked, "were those the hands of an 'executive'; was that the way an 'executive' dresses; did Sam Tumminaro look like he was anything but a factory worker his entire life?"

The plaintiff's first complaint, which alleged that the defendants committed a breach of contract and fraud arising out of an employment relationship, was filed in the circuit court of Du Page County on December 16, 1987. This complaint and two subsequent amended complaints were dismissed by the trial court, and on each occasion the plaintiff was given leave to amend his pleadings. The plaintiff's third amended complaint, which was based on a partnership theory, was filed on March 15, 1989. Count I alleged that the plaintiff and J. Peter Company had entered into a partnership venture which had since ceased to operate. This count sought a winding up of partnership affairs. Count II alleged that defendants had breached the oral partnership agreement, which provided that the plaintiff would be paid a salary, including overtime wages, and one-half of the partnership's

profits. Count II sought recovery of these unpaid funds.

On April 17, 1989, the defendants filed a section 2—619(a)(3) motion to dismiss the third amended complaint based on the pendency of the DOL action. A hearing on the motion was held June 14, 1989. The trial court was disturbed by the apparent inconsistencies between the partnership theory of the third amended complaint and the employment theory of the plaintiff's case before the DOL. The court stated, "somebody is walking on the precipice here, because in one action you are saying, 'I am a tool and die maker, give me my [overtime wages]' and here you are saying 'I am a partner and let's split up the assets.' " The court granted the defendants' motion and dismissed the third amended complaint with prejudice. The plaintiff filed his notice of appeal from this ruling on June 23, 1989.

■■ Before we reach the merits of this appeal, we must first examine two threshold questions. The first question is whether this court has jurisdiction over the appeal. Although no party has raised this question, the appellate court has an independent duty to determine whether the appeal has been taken properly so as to invoke its jurisdiction. (*Deerfield Management Co. v. Ohio Farmers Insurance Co.* (1988), 174 Ill. App. 3d 837, 838-39.) This inquiry is made necessary because the record reveals that, on July 17, 1989, 33 days after the entry of judgment, the defendants filed a petition to assess sanctions against the plaintiff and his attorney pursuant to section 2—611 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—611). A section 2—611 petition filed after judgment has been held to be a post-trial motion. (*Herman v. Fitzgerald* (1989), 178 Ill. App. 3d 865, 869.) If a timely post-trial motion is filed, a previously filed notice of appeal is rendered ineffective, and the appealing party is obliged to withdraw it. (107 Ill. 2d R. 303(a)(2).) Here, however, the section 2—611 petition was not timely because it was not filed within 30 days of the entry of judgment. (*Herman*, 178 Ill. App. 3d at 869.) Thus, the notice of appeal is still effective, and we have jurisdiction over the cause.

The second threshold question we must address is whether this appeal has been rendered moot by the plaintiff's withdrawal of his complaint before the DOL. The plaintiff has filed a motion with this court pursuant to Supreme Court Rule 361 (107 Ill. 2d R. 361) entitled "MOTION TO INFORM THE COURT." This motion is supported by exhibits showing that the DOL accepted the plaintiff's withdrawal of his overtime wages complaint on December 6, 1989. We ordered this motion and the defendants' response thereto taken with the case.

The plaintiff argues that the effect of the withdrawal of his DOL action "is to render moot the Plaintiff's appeal because the action

forming the basis of the Trail [*sic*] Court's dismissal is no longer pending." The motion concludes by asking this court to vacate the dismissal of the third amended complaint and remand the cause for further proceedings. Ordinarily, a reviewing court is restricted to the record of the trial court. We may, however, consider matters outside the record insofar as they concern the question of mootness. (*Unity Ventures v. Pollution Control Board* (1985), 132 Ill. App. 3d 421, 430.) We therefore take cognizance of the plaintiff's withdrawal of his complaint before the DOL only to examine its possible effect on the justiciability of this appeal.

■■ ■ An appeal is moot if it is impossible for a reviewing court to grant effective relief to either party. (*George W. Kennedy Construction Co. v. City of Chicago* (1986), 112 Ill. 2d 70, 76.) Here, if we affirm the trial court's dismissal of the third amended complaint, the plaintiff's action will be forever barred. If, on the other hand, we reverse the trial court, the plaintiff may litigate the merits of his claim. It is eminently clear that our decision here can effectively grant relief to the prevailing party, and so this appeal is not moot. Indeed, we believe that the plaintiff himself does not truly intend to argue that the appeal is moot. The proper disposition of a moot appeal would be dismissal (*Kennedy*, 112 Ill. 2d at 76), but the plaintiff does not seek dismissal of the cause. The plaintiff merely invokes the mootness doctrine in an attempt to have this court consider a matter outside of the record, the dismissal of his DOL complaint. Having decided that the appeal is not moot, we now proceed to address the merits of the appeal, and, in doing so, we are limited to considering matters that are of record.

The plaintiff argues that the trial court erred by dismissing his complaint with prejudice because his DOL complaint does not constitute a pending action within the meaning of section 2—619(a)(3) of the Code. The plaintiff contends that the relief requested in his third amended complaint, the winding up of partnership affairs, could not have been obtained in the DOL proceedings. Thus, the plaintiff argues, he was required to pursue his two *theories* of recovery in separate forums. The defendants, on the other hand, argue that the trial court correctly determined that the DOL action was a pending action for the same cause and that, therefore, dismissal with prejudice was warranted.

■■ Section 2—619(a)(3) allows a defendant to move for the dismissal of a plaintiff's complaint if "there is another action pending between the same parties for the same cause." (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(3).) The purpose of section 2—619(a)(3) is to relieve

both courts and litigants of the unnecessary burden of duplicative litigation. (*Ransom v. Marrese* (1988), 122 Ill. 2d 518, 530.) Such duplication can arise in the context of a parallel suit brought in either a foreign jurisdiction or a circuit court in another Illinois county. Where actions arise in multiple jurisdictions, the circuit court possesses some degree of discretion in ruling on a section 2—619(a)(3) motion and may stay the Illinois action or allow the actions to proceed concurrently. (*A.E. Staley Manufacturing Co. v. Swift & Co.* (1980), 84 Ill. 2d 245, 252-53.) Where the conflict is between two suits filed in different counties in the State, however, the orderly administration of justice within the jurisdiction is a primary concern. (*Staley*, 84 Ill. 2d at 254-55.) Where the result sought could be achieved in one court as easily as in another, the orderly administration of justice does not permit one Illinois court to ignore an action pending in another of the State's courts. *People ex rel. Lehman v. Lehman* (1966), 34 Ill. 2d 286, 292.

While State administrative agencies are not "foreign" jurisdictions, neither are they the same as Illinois circuit courts; instead, such bodies appear to represent a middle ground not often discussed in the instant context. The Illinois Supreme Court has specifically declined to decide whether a proceeding before an administrative tribunal with the power to issue a final, binding, and enforceable decision constitutes an "action" within the meaning of section 2—619(a)(3). (*Ransom*, 122 Ill. 2d at 530-31.) In *Cummings v. Iron Hustler Corp.* (1983), 118 Ill. App. 3d 327, the appellate court assumed, without expressly deciding, that a proceeding before the Illinois Human Rights Commission was an "action" under section 2—619(a)(3). See *Ransom*, 122 Ill. 2d at 529.

Here, we also assume, *arguendo*, that the complaint filed with the DOL constitutes an action under section 2—619(a)(3) and that the two actions at issue here are for the "same cause." Even if this is true, however, we believe that the trial court's dismissal of the plaintiff's complaint with prejudice, which effectively barred the plaintiff's partnership claim, was unnecessarily severe.

■ The facts underlying both of the plaintiff's claims are essentially the same: the plaintiff and defendants entered into a commercial relationship with the plaintiff contributing his labor to the venture. These facts could plausibly support two, albeit mutually exclusive, conclusions about the nature of the *legal* relationship between the parties: the plaintiff could have been an employee of the defendants, or he could have been a partner. The plaintiff could advance one theory, based on employment status, before the DOL. The partnership theory,

however, could not be advanced before the DOL because the Minimum Wage Law applies only to "employees." (Ill. Rev. Stat. 1987, ch. 48, par. 1004a(1).) A person cannot be an employee and a partner at the same time in the same business. (*Cook v. Lauten* (1948), 335 Ill. App. 92, 97.) Therefore, the plaintiff properly chose to advance the two different theories in the forum appropriate for each.

■ Under such circumstances, it was an abuse of discretion for the trial court to have dismissed the plaintiff's complaint with prejudice. The purpose underlying section 2—619(a)(3) is "to avoid multiplicity of suits, not to prevent access to the courts." (*Bernhardt v. Fritzshall* (1973), 9 Ill. App. 3d 1041, 1045.) Dismissal with prejudice effectively tells this plaintiff that he was obliged to choose one forum, and also one theory of recovery, to the permanent exclusion of the other. We believe this is improper for two reasons.

First, it is clear that, if the plaintiff had filed his actions serially, instead of concurrently, he might have had an opportunity to litigate both theories. For example, if a DOL action had failed because he was found to be a partner and not an employee, the plaintiff could then have filed an action with the circuit court to advance the partnership theory. Principles of *res judicata* and collateral estoppel would not detract from a subsequent action and, in fact, might support it, because the plaintiff would have been adjudged a partner in the prior proceeding. We perceive no reason why this plaintiff's claim should be forever barred because he proceeded in the two forums concurrently when such a result would not necessarily be required if he had filed each action in turn.

■ Second, comparison of the result reached by trial court with the established doctrine of election of remedies indicates that the trial court effectively put the plaintiff to a premature election. The doctrine of election of remedies provides that the adoption of one or more coexisting remedies precludes a resort to the other remedies. (*Builders Plumbing Supply Co. v. Zambetta* (1986), 143 Ill. App. 3d 188, 190.) It has been uniformly held that the prosecution of a remedy to a judgment on the merits and full satisfaction thereof conclusively constitutes an election. (*Paoli v. Zipout, Inc.* (1959), 21 Ill. App. 2d 53, 59.) If a party has but one remedy, however, a mistaken resort to an unavailable inconsistent remedy will not bar him from later choosing his correct remedy unless the other party has relied on the election of the first remedy. The law will not deprive a party of a meritorious claim merely because he attempts to collect it by an inappropriate action. (*Geist v. Lehmann* (1974), 19 Ill. App. 3d 557, 563.) Here, the DOL action for overtime wages might have been

proved inappropriate if the DOL determined that the plaintiff was the defendants' partner and not an employee. Thus, the plaintiff was in essence forced to elect between two theories of recovery before reaching judgment and before it was determined whether the DOL actually had jurisdiction over his claim. We see no reason to subject the plaintiff to a stricter standard under section 2—619(a)(3) for a concurrent action than that which would be required by the doctrine of election of remedies if each action had been filed in turn.

We understand the trial court's skepticism about the seeming contradiction between the plaintiff's third amended complaint, based on a partnership theory, and his DOL action, which claimed he was an "everyday worker." It is important to note, however, that the status of being an everyday laborer is not inherently contradictory with the status of being a partner. A partner's contribution to the partnership may consist of "services, skill, know-how, or 'sweat equity.' " (*Becker v. Killarney* (1988), 177 Ill. App. 3d 793, 797.) In Illinois, a plaintiff may alternatively advance inconsistent bases of recovery where there is uncertainty as to which allegation is actually true. (*Concord Industries, Inc. v. Harvel Industries Corp.* (1984), 122 Ill. App. 3d 845, 849.) It is apparent that the trial court was troubled not merely by the seeming incongruity of the plaintiff's claim that he was an "everyday worker," but also by the manner in which he unabashedly celebrated his proletarian credentials. If it is subsequently determined that the apparent tension between the plaintiff's two theories stems from an attempt to bring an action upon facts which clearly do not support it, the proper avenue to address such an abuse is the provision for sanctions contained in Supreme Court Rule 137 (134 Ill. 2d R. 137). Dismissal with prejudice under section 2—619(a)(3), however, is not warranted.

We conclude, therefore, that dismissal with prejudice of the plaintiff's third amended complaint was inappropriate under these circumstances. This does not, however, mean that the plaintiff should have been allowed to litigate this action and the DOL action at the same time. It was within the trial court's discretion to stay the proceedings in the circuit court pursuant to section 2—619(a)(3) pending the resolution of the plaintiff's DOL action. (See *People ex rel. Department of Public Aid v. Santos* (1982), 92 Ill. 2d 120, 127.) The supreme court has articulated several factors to consider in determining whether a stay is appropriate where another action is pending in a foreign jurisdiction: comity; the prevention of multiplicity, vexation, and harassment; the likelihood of obtaining complete relief in a foreign jurisdiction; and the *res judicata* effect of a foreign judgment in

the local forum. *Santos,* 92 Ill. 2d at 130.

As we have said, an Illinois administrative agency is not precisely a foreign jurisdiction to our circuit courts. Nevertheless, we feel that several of the factors set out above may be relevant here. It is possible, for example, that the outcome of the DOL action might bar further proceedings in the circuit court. This result would be occasioned if the DOL found the plaintiff to be an employee instead of a partner and granted him the overtime wages he sought in the administrative proceeding. Such an administrative finding would bar subsequent relitigation of the issue on a partnership theory because of the doctrine of collateral estoppel. (*Eckman v. Board of Trustees* (1986), 143 Ill. App. 3d 757, 764.) On remand, the trial court should determine whether a stay of the proceedings is appropriate at this juncture.

The order of the circuit court is reversed, and the cause is remanded for further proceedings in conformity with this opinion.

Reversed and remanded.

UNVERZAGT, P.J., and REINHARD, J., concur.