569 N.E.2d 1377 (1991)
212 Ill. App.3d 133
155 Ill.Dec. 766
AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, as Trustee, et al., Plaintiffs-Appellees,
v.
Randall BUS, et al., Defendants-Appellants (The Village of Glendale Heights, et al., Defendants).
No. 2-90-0840.
Appellate Court of Illinois, Second District.
April 10, 1991.
*1378 Thomas J. Cisar (argued), and Eugene J. Berkes, Cisar & Mrofka, Ltd., Oak Brook, for Village of Glendale Heights, Randall Bus, Cemcon, Ltd. and County of DuPage.
Joel J. Africk (argued), and James L. Thompson, Jenner & Block, Sidney M. Kaplan, Baker & McKenzie, Chicago, and Robert *1379 C. Liston, Liston & Mauter, P.C., Wheaton, for American Nat. Bank & Trust, Howard, Sheldon, and Jerry Kogen and Condominium Developers.
Justice DUNN delivered the opinion of the court:
Defendants, Cemcon, Ltd., and Randall Bus, appeal from an order denying their motion pursuant to section 2-611 of the Code of Civil Procedure (Ill.Rev.Stat. 1989, ch. 110, par. 2-611) for sanctions against defendants, American National Bank and Trust Company of Chicago as trustee under trust No. 45137 et al. The motion was denied because defendants did not call it for a hearing within 60 days as required by a local circuit court rule. On appeal, defendants argue that: (1) the circuit court lacked jurisdiction at the time it denied the motion; (2) the rule did not authorize the court to deny the motion because it was not a post-trial motion; (3) plaintiffs were not prejudiced by the delay in calling the motion for a hearing; (4) reversal is required because the trial court made no written findings; and (5) the trial court was required to consider the merits of the motion even if defendants failed to comply with the local rule. We reverse.
Plaintiffs filed suit against Cemcon, Ltd. (Cemcon), Bus, the Village of Glendale Heights, and the County of Du Page (County) on December 21, 1988. Cemcon and Bus filed a motion for summary judgment on March 1, 1989. Plaintiffs settled the case against the Village and County on April 14, 1989, and the circuit court entered an order dismissing these parties from the case with prejudice. The circuit court issued an order granting the motion for summary judgment on December 22, 1989. This order states that there is no just reason for delaying enforcement or appeal.
Defendants filed their motion pursuant to section 2-611 of the Code (Ill.Rev.Stat. 1989, ch. 110, par. 2-611) for sanctions against plaintiffs and their attorneys on January 19, 1990. Defendants stated in the petition that the allegations in plaintiffs' complaint directed against them were baseless, and plaintiffs refused to dismiss them from the suit even though they should have known in February 1989 that the allegations were false.
On January 22, 1990, plaintiffs filed a notice of appeal from the order granting summary judgment to defendants. Plaintiffs filed a motion on April 4, 1990, for automatic denial of the section 2-611 motion because defendants had not called it for a hearing within 60 days as required by Rule 6.04(f) of the Eighteenth Judicial Circuit. The rule states in relevant part as follows:
"The burden of calling for hearing any motion previously filed is on the party making the motion. Any motion not called for hearing within sixty (60) days from the date it is filed may be stricken without notice. Any post-trial motion shall be denied if not called for hearing within sixty (60) days from the date the motion was filed." 18th Jud.Cir.R. 6.04(f) (1987).
After holding a hearing concerning plaintiffs' motion on May 14, 1990, the trial court entered an order denying the section 2-611 motion. Defendants filed a motion to reconsider this order, and the trial court denied the motion. Defendants now appeal.
Initially, defendants contend that plaintiffs' filing of a notice of appeal from the summary judgment order divested the circuit court of jurisdiction to consider the section 2-611 motion. In 1986, the following language was added to section 2-611:
"All proceedings under this Section shall be within, and part of the civil action in which the pleading, motion or other paper referred to herein has been filed, and no violation or alleged violation of this Section shall give rise to a separate cause of action, or another cause of action within the civil action in question * * *." Ill.Rev.Stat.1989, ch. 110, par. 2-611.
Because of the above language, our supreme court has held that no appeal may be taken from an otherwise final judgment on the underlying claim in a lawsuit if a section 2-611 claim is pending without a finding pursuant to Supreme Court Rule *1380 304(a) (134 Ill.2d R. 304(a)) that no just reason exists to delay enforcement or appeal. (Marsh v. Evangelical Covenant Church of Hinsdale (1990), 138 Ill.2d 458, 468, 150 Ill.Dec. 572, 563 N.E.2d 459.) In the case at bar, the above Rule 304(a) finding was made in the order granting summary judgment. Therefore, this court had jurisdiction to entertain the appeal from that order at the time the notice of appeal was filed.
This does not mean that the circuit court lacked jurisdiction to consider the section 2-611 motion. An appellate court only gains jurisdiction over matters raised in the notice of appeal. (Predny v. Village of Park Forest (1987), 164 Ill. App.3d 688, 693, 116 Ill.Dec. 263, 518 N.E.2d 1243.) The filing of a notice of appeal only serves to deprive the circuit court of jurisdiction to modify the judgment appealed from or rule on matters of substance which are the subject of the appeal. (Montgomery Ward & Co. v. Wetzel (1981), 98 Ill.App.3d 243, 249, 53 Ill.Dec. 366, 423 N.E.2d 1170.) Thus, in Predny, the court determined that earlier appeals filed pursuant to Rule 304(a) did not affect the trial court's jurisdiction to consider a post-trial motion regarding the liability of a certain defendant when the prior appeals did not concern that issue. Predny, 164 Ill.App.3d at 693, 116 Ill.Dec. 263, 518 N.E.2d 1243.
In Chicago Title & Trust Co. v. Czubak (1978), 67 Ill.App.3d 184, 23 Ill.Dec. 858, 384 N.E.2d 765, the court determined that the filing of a notice of appeal from the underlying judgment did not deprive the circuit court of jurisdiction to consider a motion for attorney fees and costs pursuant to section 41 of the Civil Practice Act (Ill.Rev.Stat.1975, ch. 110, par. 41), the predecessor to section 2-611 of the Code. (Czubak, 67 Ill.App.3d at 185, 23 Ill.Dec. 858, 384 N.E.2d 765.) In so holding, the court stated, "[T]he order for attorney's fees and costs * * * relates to a matter not affected in anyway by the appeal and is not dependent in any respect on the final outcome of the suit." (67 Ill.App.3d at 185, 23 Ill.Dec. 858, 384 N.E.2d 765.) We further note that in Marsh our supreme court stated, "[t]he question of whether section 2-611 sanctions were appropriate required an independent determination, entirely distinct from the judgment previously entered." (Marsh, 138 Ill.2d at 462, 150 Ill.Dec. 572, 563 N.E.2d 459.) In light of these authorities, we conclude that the plaintiffs' appeal from the summary judgment order did not deprive the circuit court of jurisdiction to consider the section 2-611 motion.
Defendants also argue that the denial of their motion was improper because, under Marsh, a section 2-611 motion is not a post-trial motion, and Rule 6.04(f) only authorizes denial of post-trial motions. We agree. Our supreme court stated in Marsh that it would "consider whether the defendant's section 2-611 motion for attorney fees qualifies as a post-trial motion." (138 Ill.2d at 461, 150 Ill.Dec. 572, 563 N.E.2d 459.) The court went on to state, "[s]ection 2-1203 of the Civil Practice Law authorizes the filing of post-trial motions" and, "[f]or a motion to qualify as a `post-trial motion,' one or more of the types of relief specified in section 2-1203 must be specifically requested." 138 Ill.2d at 461, 150 Ill.Dec. 572, 563 N.E.2d 459.
Section 2-1203 of the Code, which applies in nonjury cases, allows any party within 30 days of the date on which judgment is entered to "file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief." (Ill.Rev.Stat.1989, ch. 110, par. 2-1203.) The "other relief" mentioned in section 2-1203 must be similar to the types of relief specified in the provision. (Marsh, 138 Ill.2d at 461-62, 150 Ill.Dec. 572, 563 N.E.2d 459.) The court pointed out in Marsh that a section 2-611 motion does not seek a rehearing, retrial, or vacation of the underlying judgment. (138 Ill.2d at 461, 150 Ill.Dec. 572, 563 N.E.2d 459.) The court also noted that section 2-611 motions are not post-trial motions within the meaning of Supreme Court Rule 303(a) (134 Ill.2d R. 303(a) because they are not directed against the underlying judgments. (138 Ill.2d at 463-64, 150 Ill.Dec. 572, 563 N.E.2d 459.) The court therefore concluded *1381 that section 2-611 motions are not post-trial motions. 138 Ill.2d at 464, 150 Ill.Dec. 572, 563 N.E.2d 459.
As we have seen, Rule 6.04(f) states that post-trial motions which are not called for hearing within 60 days "shall be denied," while other motions not called for hearing within this deadline "may be stricken without notice." Plaintiffs contend that even if a section 2-611 motion is not a post-trial motion, the trial court's action was appropriate under the local rule and should be affirmed.
We must, however, reject plaintiffs' argument that the trial court's action was appropriate under the rule and should be affirmed even if the section 2-611 motion was not a post-trial motion. At the hearing on plaintiffs' motion for denial of the section 2-611 motion, counsel for plaintiffs stated that it was a post-trial motion, and counsel for defendants did not dispute this contention. Since the hearing was held prior to Marsh, and because this court had stated in Herman v. Fitzgerald (1989), 178 Ill.App.3d 865, 128 Ill.Dec. 56, 533 N.E.2d 1144, that a section 2-611 motion is a post-trial motion (Herman, 178 Ill.App.3d at 869, 128 Ill.Dec. 56, 533 N.E.2d 1144), defendants' failure to dispute this contention is understandable. Because the word "shall" generally connotes a mandatory obligation (People ex rel. Village of Buffalo Grove v. Village of Long Grove (1990), 199 Ill.App.3d 395, 418, 145 Ill.Dec. 873, 557 N.E.2d 643), the trial judge may have felt he was compelled to deny the section 2-611 petition when this was not the case, since the portion of the local rule dealing with post-trial motions was not applicable.
Plaintiffs contend, however, that the trial court had the authority under Rule 6.04(f) to strike the section 2-611 motion if it was not a post-trial motion. They argue further that, since section 2-611 motions must be filed within 30 days of judgment on the underlying claim or while the trial court still has jurisdiction over the underlying claim (Marsh, 138 Ill.2d at 468, 150 Ill.Dec. 572, 563 N.E.2d 459), defendants could not have refiled their section 2-611 motion had it been stricken.
We agree with plaintiffs that, under the circumstances of this case, striking defendants' section 2-611 motion would have been tantamount to denying it. We conclude, however, that striking the motion would have been an abuse of discretion. Since Rule 6.04(f) states that post-trial motions not called for hearing within 60 days "shall be denied," it is evident that the authors of the rule intended to allow, or even require, trial judges to effectively make a ruling on the merits by denying the motion in the event of noncompliance. By contrast, the authors of the rule only authorized trial judges to strike other motions for noncompliance, thus exhibiting a contrary intention which would not prevent the movant from subsequently seeking a ruling on the merits of the motion.
Therefore, since the motion in this case was not a post-trial motion, it would have been an abuse of discretion for the trial court to strike the motion since this would have denied defendants a future opportunity to be heard on the motion, contrary to the intent of Rule 6.04. Under the unique circumstances of this case, defendants' section 2-611 motion should not have been denied or stricken. Accordingly, we reverse the circuit court's order denying the section 2-611 motion and remand the cause to that court with instructions to set a hearing date on the motion.
As a final note, we are aware that defendants did not argue in the trial court that their section 2-611 motion was not a post-trial motion, nor did they raise the argument in this court until they filed their reply brief. Ordinarily, this would result in waiver of the issue. (134 Ill.2d R. 341(e)(7).) The rule of waiver, however, is a limitation on the parties and not on the reviewing court. (In re Marriage of Rodriguez (1989), 131 Ill.2d 273, 279, 137 Ill. Dec. 78, 545 N.E.2d 731.) A reviewing court may ignore the waiver rule if necessary to achieve a just result or to ensure the maintenance of a sound and uniform body of precedent. (Hux v. Raben (1967), 38 Ill.2d 223, 225, 230 N.E.2d 831.) In light of the confusion surrounding whether a section 2-611 motion is a post-trial motion, *1382 confusion which was caused in part by our opinion in Herman, and which was only recently resolved by our supreme court in Marsh, both of the above considerations justify departing from the waiver rule in this case. The waiver rule should not be applied to deprive a party of a chance to present argument (Hux, 38 Ill.2d at 225, 230 N.E.2d 831) or if proof might have been offered at trial to refute the new theory. In the case at bar, the question of whether a section 2-611 motion is a post-trial motion is entirely a legal, rather than a factual, question. Moreover, plaintiffs did discuss Marsh in their brief, apparently anticipating that defendants would raise it in their reply brief. We therefore choose to ignore the waiver rule here.
For the above reasons, the order of the circuit court of Du Page County is reversed, and the cause is remanded for further proceedings.
Reversed and remanded with instructions.
UNVERZAGT and GEIGER, JJ., concur.