2020 IL App (2d) 190904-U
No. 2-19-0904
Order filed July 22, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| CHRISTOPHER JOSEPH OPAS, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | Nos. 18-OP-0575 |
| | ) | 18-OP-0600 |
| | ) | |
| MOLLY A. MURPHY, | ) | Honorable |
| | ) | Christine T. Cody, |
| Respondent-Appellant. | ) | Judge, Presiding. |

JUSTICE BRENNAN delivered the judgment of the court.
Presiding Justice Birkett and Justice Zenoff concurred in the judgment.

**ORDER**

¶ 1 *Held*: Appeal dismissed. We lack jurisdiction over defendant's appeal from (1) the trial court's order striking without prejudice her motion for sanctions and (2) the court's order denying respondent's subsequent motion for a hearing on her motion for sanctions. Neither order can be considered a final judgment or a ruling on a timely postjudgment motion.

¶ 2 Petitioner, Christopher Joseph Opas, filed two petitions for orders of protection under the Illinois Domestic Violence Act of 1986 (Act) (750 ILCS 60/101 *et seq*. (West 2018)) against respondent, Molly A. Murphy. The cases were consolidated. After petitioner voluntarily dismissed both petitions, respondent moved for attorney fees under section 226 of the Act (*id.*

§ 60/226) and Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018). Because the motion was not set for hearing within 60 days per Local Rule 6.04(f) of the 18th Judicial Circuit (18th Judicial Cir. Ct. R. 6.04(f) (Feb. 14, 2018)) the trial court struck the motion without prejudice. Respondent did not refile the motion but moved to set a hearing date on it. The court denied the motion. Respondent appeals. We dismiss the appeal.

¶ 3                                    I. BACKGROUND

¶ 4 On April 30, 2018, petitioner filed a petition for an order of protection, alleging that respondent had engaged in various threatening and harassing acts since October 2017 (case No. 18-OP-0575). That day, the trial court denied his request for an emergency order of protection and continued the cause. On May 4, 2018, petitioner filed a second petition, alleging further unwelcome acts by respondent (case No. 18-OP-0600).

¶ 5 Respondent answered the petitions. The court consolidated the cases. On December 11, 2018, petitioner voluntarily dismissed both petitions. See 735 ILCS 5/2-1009 (West 2018).

¶ 6  On January 10, 2019, respondent moved for sanctions under section 226 of the Act and Rule 137, alleging that the petitions contained numerous false statements and had been filed to harass her.  On April 29, 2019, respondent filed a notice that she would present the motion on May 17, 2019.  She also moved to represent herself and discharge her attorney, Michael J. Chiero, LLC (Chiero).  Her motion included Chiero's consent to the substitution.  On May 17, 2019, respondent presented the sanctions motion and petitioner was granted 14 days to reply.

¶ 7 On June 10, 2019, petitioner moved to "dismiss" respondent's motion. He cited two statutory bases: (1) section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2018)), which allows dismissals for failure to state a cause of action, and (2) section 2-619 of the Code (*id.* § 2-619). As for the latter basis, petitioner specifically claimed want of jurisdiction (*id.*

§ 2-619(a)(1)) and asserted that other affirmative matter defeated the claim (*id.* § 2-619(a)(9)). In substance, however, as pertinent here, both bases actually alleged that the court should "strik[e] and dismiss[ ]" respondent's sanctions motion because it violated Rule 6.04(f), which provides, "Any motion not called for a hearing within sixty (60) days of filing may be stricken upon motion or by the Court without any notice to any party." 18th Judicial Circuit Ct. R. 6.04(f) (Feb. 14, 2018).

¶ 8 On June 21, 2019, respondent filed a response to petitioner's motion. Chiero filed for leave to represent her only as to petitioner's motion. Respondent argued in part that sections 2-615 and 2-619 of the Code apply only to pleadings and that her motion was not a pleading. She alleged that Chiero had not advised her of the need to call the motion for a hearing within 60 days and that she had delayed because she had been embroiled in a Tazewell County action against petitioner and because her medical problems made it difficult for her to travel to Du Page County. Respondent noted that Rule 6.04(f) gave the trial court discretion and contended that it would be inequitable to deny her the opportunity to recoup her expenses in defending against petitioner's bad-faith action.

¶ 9 On July 18, 2019, the trial court set August 19, 2019, for a hearing on petitioner's motion to dismiss. Chiero was allowed to represent respondent.

¶ 10 At the hearing, petitioner cited Rule 6.04(f) and told the court, "[W]e're asking that the motion be stricken because it was not set within 60 days." He continued, "[T]he Court now lacks jurisdiction because it's beyond the 60 days[,] since [respondent] didn't re-notice it up or do anything with that motion within the 60-day timeframe." Respondent replied that her motion for sanctions had been timely because it was filed within 30 days of the order voluntarily dismissing petitioner's petitions. Therefore, the court had jurisdiction to hear it. Further, Rule 6.04(f) did not

allow the court to dismiss her motion but only to strike it. Respondent explained that the hearing was delayed at her request and she contended that it would be an abuse of discretion to strike her motion three months after she had presented it.

¶ 11 Petitioner replied that Rule 6.04(f) served to ensure that parties call motions for hearing promptly. Further, the rule allowed the court "to strike and dismiss the pleadings—it says strike but obviously to follow the logic, strike and dismiss the pleadings, which is what we're asking you to do this morning."

¶ 12 The judge stated that Rule 6.04(f) was dispositive. The hearing continued:

"THE COURT: *** "[T]his Court is inclined to grant the motion to strike [respondent's motion] and dismiss without prejudice."

MR. CHIERO: So if it's without prejudice, she should be able to just then re-file it, and that's my point regarding Counsel trying to dismiss something under the local rule."

MR. GRADY [(PETITIONER'S COUNSEL)]: I guess, Judge, I would argue that the motion should be stricken with prejudice because if we leave it without prejudice, she's going to re-file it. I think the motion is going to be re-filed and put us in the same position.

THE COURT: Okay. I'm striking it. Counsel can re-file any motion that he deems appropriate. It's a very rare motion to be granted, sanctions under Section 226. It's very rare."

After some further discussion with counsel, the judge stated, "So to be clear, I'm striking it without prejudice." On that date, the court entered a written order stating, "For the reasons stated on the transcript of proceedings, respondent's motion for section 226 fees and Rule 137 sanctions is stricken, without prejudice, pursuant to local rule 6.04(f)."

¶ 13 On September 6, 2019, Chiero, for respondent, filed a "Re-Notice of Motion" stating that, on September 18, 2019, he would present "the following: *Motion for Section 226 Fees and Rule 137 Sanctions*." (Emphasis in original.) No motion dated September 6, 2019, appears in the record on appeal. On September 11, 2019, Chiero, for respondent, filed a "Motion to Set Hearing Date." The motion alleged that, on August 19, 2019, the court had stricken, not dismissed, respondent's motion for fees and sanctions and that Rule 6.04(f) would not have allowed the court to dismiss the motion. Further, respondent stated, "The *Motion for Section 226 Fees and Rule 137 Sanctions* states legally recognized cause of action and does not require an amendment." (Emphasis in original.) Respondent requested a hearing date on the motion for fees and sanctions. The Motion to Set Hearing Date did not attach the motion for fees and sanctions; that motion was never refiled.

¶ 14 On September 18, 2019, the trial court heard arguments. Respondent contended that, because the August 19, 2019, order had stricken her motion for fees and sanctions, per Rule 6.04(f), but not dismissed it, she had the right to "renotice " it. She continued, "So because it was stricken and it is still alive, as it was timely filed within 30 days, [respondent] has a right to set the matter for hearing." Petitioner argued, "I think the Court has already ruled on it, Judge. I think you've already stricken and dismissed it." The judge noted that the August 19, 2019, order did state that she "struck the [motion] pursuant to local court Rule 6.04." Petitioner added, "I think that Rule 6.04(f), the local rule, is dispositive." The judge said, "That is correct."

¶ 15 Respondent argued that, although her motion had been stricken, it had never been dismissed. She continued, "Under the local rule, I do agree the Court can strike the matter, but that doesn't mean the Court can dismiss it with prejudice." Therefore, respondent "just want[ed] to have a hearing date on her motion."

¶ 16 The judge then stated:

"Okay. With all due respect, counsel, I disagree with your analysis. I find that the matter was voluntarily dismissed by the petitioner, I believe it was December 11th of 2018.

No further action has been taken. You had a right, and your motion was timely filed; however, you sat on that motion and you did not present it for hearing and it was properly stricken by this Court.

The fact that the order of protection has not been reinstated, as the petitioner has the right to do, means we're—you are prohibited from having a hearing on the motion. Though it was timely filed, it was not timely presented.

So your motion is denied."

On October 18, 2019, respondent filed a notice of appeal from the September 18, 2018, order and from the August 19, 2019, order.

¶ 17                                                    II. ANALYSIS

¶ 18  We may not address the merits of respondent's appeal unless and until we ascertain that we have jurisdiction to hear it.  See *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 251-52 (2010). With exceptions not pertinent here, we have jurisdiction only over appeals from final judgments. *State Farm Fire & Casualty Co. v. John J. Rickhoff Sheet Metal Co*., 394 Ill. App. 3d 548, 556 (2009). A party must file a notice of appeal within 30 days from the entry of a final judgment or the order disposing of the last pending postjudgment motion. Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017).  A judgment is final if it disposes of the rights of the parties, either on the entire controversy or on some definite and separate part of it.  *State Farm*, 394 Ill. App. 3d at 556.  Here, respondent filed her notice of appeal from a September 18, 2019, order that denied her motion to set a hearing date on a sanctions motion that, on August 19, 2019, was stricken without prejudice. This raises the question whether this is an appeal from a final judgment?

¶ 19 Certainly, the August 19, 2019, order was not a final judgment. The only part of the parties' controversy still pending on August 19, 2019, was respondent's motion for sanctions. On August 19, 2019, the court did not dismiss this motion but struck it *without prejudice*. This meant either that (1) the motion was still pending or that (2) it was not pending but the court would allow respondent to refile it.

¶ 20 The first interpretation of the August 19, 2019, order finds support in *Belluomini v. Lancome*, 207 IL. App. 3d 583 (1990), a First District case. There, on March 11, 1985, the plaintiff's complaint was dismissed for want of prosecution (DWP). On April 8, 1985, she filed a timely motion to vacate the dismissal and noticed the motion for a hearing on July 17, 1985. However, she failed to appear for the hearing, and the trial court entered an order stating that "the 'plaintiff's motion to vacate is stricken, and the previous court order dismissing this cause for want of prosecution stands in effect.' " *Id.* at 584. In April 1989, the plaintiff renoticed her motion to vacate for May 10, 1989. The defendants argued that the July 17, 1985, order striking her motion was in effect an adjudication on the merits, and thus the plaintiff could not refile her complaint after the expiration of the one-year period for refiling after a DWP. The trial court disagreed and granted the plaintiff's motion to vacate the DWP. The court certified for appeal the question of whether the trial court had the authority to vacate the July 17, 1985, order. *Id* at 585.

¶ 21 The appellate court affirmed. It agreed with the plaintiff that the order did not dismiss or deny the motion to vacate. Thus, the motion had been stricken from the call but remained pending. *Id.* at 586. The court relied on the facts that the order did not use either "dismiss" or "deny" and that it did not state that the motion to vacate was stricken " 'with prejudice.' " *Id.* (quoting and distinguishing *B-G Associates, Inc. v. Giron*, 194 Ill. App. 3d 52, 56 (1990)). Because here, the August 19, 2019, order did not use the terms "dismiss" or "deny," and otherwise explicitly stated

that the sanctions motion was stricken without prejudice, *Belluomini* supports the conclusion that the order left respondent's timely motion pending. Of course, this would also mean that the August 19, 2019, order was not a final judgment.

¶ 22 On the other hand, there is our opinion in *American National Bank & Trust Co. of Chicago v. Bus*, 212 Ill. App. 3d 133 (1991), which specifically applied Rule 6.04(f). The trial court dismissed two of the four defendants with prejudice after they settled with the plaintiffs, then granted summary judgment to the two remaining defendants. These defendants filed a timely motion for sanctions under the statutory predecessor to Rule 137. However, they failed to call the motion for a hearing within 60 days. Under Rule 6.04(f), the trial court was required to "den[y]" any "post-trial motion" that was filed tardily but had the discretion to "stri[ke]" any other motion that was tardily filed. *Id.* at 135 (quoting 18th Jud. Cir. R. 6.04(f) (1987)). The plaintiffs moved for an automatic denial of the sanctions motion, which the trial court granted. The defendants appealed. *Id.*

¶ 23 We reversed and remanded. After holding that the sanctions motion was not a "post-trial motion[]" that required denial (*id.* at 137), we held that striking the motion was tantamount to denying it. This was because defendants "could not have refiled their [sanctions] motion had it been stricken[,]" as it would have been untimely under the sanctions statute and thus the trial court would have lacked jurisdiction over it. *Id.* at 138. The salient point here is that we construed Rule 6.04(f) to mean that a motion that is "stricken" is no longer pending and must be refiled for the trial court to decide its merits. *Bus* is arguably closer to the present case because it turned on the construction of Rule 6.04(f).

¶ 24 That having been said, we need not decide which construction of the August 19, 2019, order is correct. Either way, respondent did not file her notice of appeal within 30 days of either a final judgment or the ruling on a timely pending postjudgment motion.

¶ 25 On September 18, 2019, within 30 days of August 19, 2019, respondent moved to set a hearing date on the sanctions motion. The trial court refused to grant her a hearing. Within 30 days of the September 18, 2019, ruling, respondent filed a notice of appeal from that ruling and the August 19, 2019, ruling.

¶ 26 If we rely on *Belluomini* and hold that the August 19, 2019, order left respondent's sanctions motion pending, then that order was not a final judgment. Therefore, the September 11, 2019, motion for a hearing date on the motion for sanctions could not have been a postjudgment motion. Neither could the September 18, 2019, judgment denying the September 11, 2019, motion have been a final judgment, since it did not resolve the pending sanctions motion. Although respondent could have moved for a final judgment on the merits of her sanctions motion, she did not do so. Instead, she merely sought a hearing date on a motion that had been stricken from the call *without prejudice*.

¶ 27 If on the other hand, we rely on *Bus* and conclude that the August 19, 2019, order did not leave the sanctions motion pending, respondent fares no better. She never refiled the motion, even though the "without prejudice" language plainly allowed her to do so. Instead, on September 18, 2019, she moved only to set a hearing date on a motion that was not pending. The court refused to grant the hearing. On October 18, 2019, when respondent filed her notice of appeal, the sanctions motion had not been dismissed with prejudice, denied with prejudice, or otherwise ruled upon. Thus, there was no final judgment and, even were we to somehow construe the September

11, 2019, motion to set a hearing date as a "postjudgment motion" (Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017)), the notice of appeal was ineffective.

¶ 28 The jurisdictional statement in respondent's brief notes that she filed her notice of appeal within 30 days after the September 18, 2019, order and states, without elaboration, "ILCS [*sic*] S. CT. R. 301 confers jurisdiction upon the Reviewing Court. *** See, *In re Marriage of Tomlins and Glenn*, 2013 IL App (3d) 120099, Paragraph 21 (2013) [*sic*]." We cannot condone the perfunctory citation of Rule 301 and an assertion that does not remotely acknowledge the complex jurisdictional issue here. We have long emphasized that the purpose of requiring an appellant's brief to include a jurisdictional statement is to " 'provoke counsel to make an independent determination of the right to appeal prior to writing the briefs.' " *Kennedy v. Miller*, 197 Ill. App. 3d 785, 791-92 (quoting *Waitcus v. Village of Gilberts*, 185 Ill. App. 3d 248, 252 (1989)); see also *In re Marriage of Ruchala*, 208 Ill. App. 3d 971, 976 (1991). Unfortunately, that purpose was not served here.

¶ 29                                  III. CONCLUSION

¶ 30    For the reasons stated, we dismiss the appeal from the judgment of the circuit court of Du Page County.

¶ 31 Appeal dismissed.