LOCAL 799, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, *et al.*, Plaintiffs-Appellants, *v.* MICHAEL S. HENKHAUS, Indiv. and as Treasurer of Madison County, Illinois, Defendant-Appellee.

Fifth District No. 79-660

Opinion filed September 16, 1980.—Rehearing denied October 7, 1980.

Gilbert Feldman, of Cornfield & Feldman, of Chicago, for appellants.

Nicholas G. Byron, State's Attorney, of Alton (Donald L. Smith, Assistant State's Attorney, of counsel), for appellee.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

The plaintiffs-appellants appeal from an order of the Circuit Court of Madison County which dismissed their cause of action upon the motion of defendant-appellee. The order of dismissal was entered on November 20, 1979. On January 24, 1980, pursuant to Supreme Court Rule 303(e) (Ill. Rev. Stat. 1979, ch. 110A, par. 303(e)), appellants filed in this court a motion for leave to file a late notice of appeal. Appellee did not file objections to that motion; and on February 4, 1980, the motion was granted by this court.

The appellee filed a motion to dismiss this appeal and contends that this court did not have jurisdiction to grant the appellants leave to file a late notice of appeal. We agree.

Supreme Court Rule 303(e) provides:

"Extension of Time in Certain Circumstances.

On motion supported by a showing of reasonable excuse for failure to file a notice of appeal on time, accompanied by the proposed notice of appeal and the $25 filing fee, filed in the reviewing court within 30 days after expiration of the time for filing a notice of appeal, the reviewing court may grant leave to appeal and order the clerk to transmit the notice of appeal to the trial court for filing." (Ill. Rev. Stat. 1979, ch. 110A, par. 303(e).)

Thus, Supreme Court Rule 303(e) establishes, in mandatory language, the time requirements for filing of the motion for leave to file a late notice of appeal.

Apparently, no court has had occasion to consider the application of Rule 303(e); however, the timely filing of the notice of appeal in the trial court, as required by Supreme Court Rule 303(a), has been held to be mandatory and jurisdictional. (*Schneider v. Vine St. Clinic* (1979), 77 Ill. App. 3d 946, 397 N.E.2d 194; *Norris v. Board of Fire & Police Commissioners* (1975), 30 Ill. App. 3d 224, 332 N.E.2d 553; *Grissom v.*

*Buckley-Loda Community Unit School District No. 8* (1973), 11 Ill. App. 3d 55, 296 N.E.2d 624.) We are of the opinion that the timely filing of a motion for leave to file a late notice of appeal is equally mandatory and jurisdictional.

Under the provisions of Supreme Court Rule 303(a), the notice of appeal in the case at bar was required to be filed with the clerk of the circuit court within 30 days after the entry of the order dismissing the cause of action, which would have been on or before December 20, 1979. Consequently, the date for filing the motion for leave to file a late notice of appeal with the clerk of this court was on or before January 19, 1980. The record on appeal establishes that the motion for leave to file a late notice of appeal was not filed until January 24, 1980.

Appellants rely on *People v. Brown* (1973), 54 Ill. 2d 25, 294 N.E.2d 267. In *Brown,* defendant pleaded guilty and was sentenced on October 17, 1969; however, the trial court failed to advise defendant of the time within which the notice of appeal was required to be filed. On December 2, 1969, the defendant filed a *pro se* notice of appeal. The appellate court dismissed the appeal on its own motion on the basis that it had not acquired any jurisdiction to consider defendant's appeal. Defendant then filed a petition for rehearing in the appellate court, and a petition for leave to file a late notice of appeal was presented as part of the petition for rehearing. The appellate court, on rehearing, held that it had not abused its discretion in dismissing the appeal "because no petition for leave to file a late notice of appeal was ever filed." Our supreme court observed that defendant had not been advised of the time within which his notice of appeal was required to be filed. In reversing the appellate court, the supreme court stated that the appellate court's dismissal on its own motion more than two years after notice of appeal was filed was an abuse of discretion. Contrary to *Brown,* in the case at bar, there was no duty to admonish plaintiffs as to the time within which the notice of appeal was required to be filed; therefore, *Brown* is inapposite.

■■ *People v. Williams* (1974), 59 Ill. 2d 243, 320 N.E.2d 13, also relied upon by appellants, presented substantially the same issue as *Brown* and is inapplicable for the same reason. It is noteworthy that both *Brown* and *Williams* were criminal cases and that in neither did the court advise the appellant of the time limits for perfecting an appeal. Although such an admonition has been held to be essential in a criminal proceeding and is now required by Supreme Court Rule 605, there is no obligation on the part of the trial court to admonish a party to a civil suit of the method of perfecting an appeal or the time within which a notice of appeal is required to be filed.

Appellants lastly rely on *People v. Joseph* (1975), 33 Ill. App. 3d 315, 337 N.E.2d 110, which is also not dispositive of the case at bar. In *Joseph,*

defendant was convicted of reckless homicide and sentenced on April 5, 1974. On May 10, 1974, defendant filed a *pro se* notice of appeal as soon as he learned that his trial attorney had not pursued his appeal. Counsel had never been appointed to represent defendant on appeal. Appellate counsel for defendant, appointed by the appellate court, filed a motion for leave to file a late notice of appeal 13 days after expiration of the time required for such filing. In affirming its prior order granting the petition for leave to file a late notice of appeal, the appellate court in *Joseph* held that it had not acted improvidently in granting the petition. The court there stated that it was of the opinion that the refusal to grant the petition for leave to file a late notice of appeal would be an abuse of its discretion under Supreme Court Rule 606(c) (Ill. Rev. Stat. 1973, ch. 110A, par. 606(c)).

■■ As we have stated, *Joseph* is inapposite to the instant case. The court there was concerned with the appeal of a criminal case and the application of Supreme Court Rule 606(c), which permits, under limited circumstances, the filing of a motion for leave to file a late notice of appeal in criminal cases within six months after the expiration of the time for filing a notice of appeal. The instant appeal is governed by the provisions of Supreme Court Rule 303(e), governing appeals in civil cases. We conclude the the requirement of Rule 303(e) that the motion for leave to file a late notice of appeal be filed in the reviewing court within 30 days after the expiration of the time for filing a notice of appeal is mandatory and that this court is without jurisdiction to entertain a motion for leave to file a late notice of appeal filed beyond the prescribed 30-day period. Accordingly, we determine that we had no jurisdiction to grant the motion for leave to file a late notice of appeal in the case at bar.

We conclude that the appeal in the case at bar was not timely filed; therefore, we dismiss plaintiffs' appeal from the Madison County Circuit Court's order of November 20, 1979.

Finding that oral argument would be of no assistance to the court in reaching its conclusion and that there is no substantial question presented, we have taken the case under advisement without oral argument pursuant to Supreme Court Rule 352(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 352(a)).

Appeal dismissed.

JONES, P. J., and KARNS, J., concur.