(No. 59731.

THE BANK OF HERRIN, Appellant, v. THE PEO-
PLES BANK OF MARION, Appellee.

*Opinion filed January 23, 1985.*

Edward J. Kionka, of Kionka & Associates, of ·
Murphysboro, and John S. Brewster, of Winters, Garri-
son, Brewster, Permar, Speroni & Murphy, of Marion,

for appellant.

J. C. Mitchell, of Mitchell & Armstrong, Ltd., of Marion, for appellee.

CHIEF JUSTICE CLARK delivered the opinion of the court:

The original lawsuit which was filed in this cause in the circuit court of Williamson County involved a dispute between the parties as to whether the defendant, the Peoples Bank of Marion, was entitled to dishonor certain checks totaling $15,000. On December 20, 1983, a judgment was entered in the circuit court of Williamson County in favor of the defendant. The plaintiff's attorney inadvertently docketed the date of the judgment in his books as December 23, 1983. Plaintiff, the Bank of Herrin, had been advised by its attorney of its right to appeal within 30 days. On January 19, 1984, 30 days after the judgment was entered, the plaintiff notified its attorney that it wanted to appeal.

After 4 o'clock the afternoon of January 19, 1984, the attorney assigned to handle the appeal discovered there had been a docketing error; that the judgment which was entered in the circuit court was actually entered on December 20, 1983. The circuit court clerk's office had closed at 4 p.m. Upon discovering the error, the plaintiff's counsel prepared a motion for an extension of time in which to file a notice of appeal, a proposed notice of appeal, and proof of service as required under our Rule 303 (87 Ill. 2d R. 303). These documents were mailed to opposing counsel on January 19, 1984, the day the notice of appeal should have been filed with the clerk's office. Counsel did not mail a copy of these documents to the clerk of the circuit court on that day. On January 20, 1984, the notice of appeal was actually filed with the clerk of the circuit court, and the motion for an exten-

sion of time and a copy of the notice of appeal were filed with the clerk of the appellate court, along with the $25 fee, as required by our Rule 303(e) (87 Ill. 2d R. 303(e)).

Several days later, counsel for the defendant filed an objection to the motion for an extension of time, stating that there were no "special circumstances" sufficient to warrant allowing the late notice of appeal.

On February 5, 1984, the appellate court entered an order denying the plaintiff's motion for an extension of time without stating any reasons for its denial. The plaintiff filed a petition for leave to appeal with this court pursuant to our Rule 315 (87 Ill. 2d R. 315), and we granted the plaintiff's petition.

The plaintiff only raises one issue on appeal before this court—whether the appellate court abused its discretion in denying the plaintiff's motion for leave to file a late notice of appeal pursuant to Rule 303.

Our Rule 303 provides:

"(a) Time; Filing; Transmission of Copy. Except as provided in paragraph (b) below [section entitled "Appeals in Local Improvements and Drainage Cases"], the notice of appeal *must* be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from ***.

* * *

(e) Extension of Time in Certain Circumstances. On motion supported by a showing of *reasonable excuse* for failure to file a notice of appeal on time, accompanied by the proposed notice of appeal and the $25 filing fee, filed in the reviewing court within 30 days after expiration of the time for filing a notice of appeal, the reviewing court *may* grant leave to appeal and order the clerk to transmit the notice of appeal to the trial court for filing." (Emphasis added.) 87 Ill. 2d Rules 303(a), (e).

The plaintiff argues that while it realizes the granting of the motion for an extension of time was within the discretion of the appellate court, "the mere fact that the

failure to file on time was due to counsel's error—even if that error amounts to negligence—should not be sufficient to preclude granting the motion." The defendant maintains that, "[w]hile a showing of reasonable excuse is intended as a lenient standard vesting the Court with a broad discretion, nevertheless the Appellate Court is not required to raise mere inadvertence to the level of a reasonable excuse."

The more narrow issue that is presented in this appeal is whether an inadvertent docketing error should have been considered by the appellate court to be a reasonable excuse for the plaintiff's failure to file a notice of appeal on time. The plaintiff, in support of his contention that it is a reasonable excuse, cites the historical and practice notes for Rule 303(e) contained in the Smith-Hurd annotated statutes (Ill. Ann. Stat., ch. 110A, par. 303, Historical and Practice Notes, at 564 (Smith-Hurd 1968)), which provides in pertinent part:

> "The standard of paragraph (e), 'a showing of reasonable excuse,' is intended as a lenient standard which will cover a wide range of reasons for failure to file the notice of appeal within the original 30 days. Examples include illness of counsel, *an honest mistake of counsel,* delay in the mail, a snowstorm, and many others. The rule permits the reviewing court to preserve a party's right to appeal *if counsel's mistake is discovered and a motion is filed within the additional 30 days, and the authority granted should be liberally exercised."* (Emphasis added.)

Although there is no mention of "an honest mistake of counsel" except in the historical and practice notes, we believe that the situation presented here is the type of situation Rule 303(e) was intended to cover. The inadvertent docketing error in this case was an honest mistake of counsel. The attorney did not purposely list the wrong date for the entry of the judgment, and immediately upon discovering the error the plaintiff's attorney

made every effort to rectify the situation. On the day that the error was discovered, which was 30 days from the date of the judgment, the plaintiff's attorney mailed the motion for an extension of time and the notice of appeal to opposing counsel. Also, at the first possible moment on the 31st day he filed the papers with the clerk of the circuit court.

The plaintiff cites the case of *Chicago Corp. v. White* (1971), 49 Ill. 2d 433, in support of his contention that this court has made exceptions to the rule. In *Chicago Corp.*, the defendant's attorney had attributed his failure to file a timely notice of appeal to the "mistaken hope" that a post-trial pleading he had filed would be successful. In that case, we stated that under the particular circumstances presented there we believed an exception should be made and that the motion for a late notice of appeal should be allowed. In this case, too, since the plaintiff's attorney acted in good faith and made an honest mistake in docketing the date, we believe the motion for a late notice of appeal should be allowed.

Accordingly, the order of the Fifth District Appellate Court is reversed, and the cause is remanded with directions to permit filing of a late notice of appeal.

*Reversed and remanded,*
*with directions.*