JOSEPH M. GAYNOR, Plaintiff-Appellant, v. RICHARD J. WALSH, Defendant-Appellee.

Second District    Nos. 2—90—1365, 2—91—0324 cons.

Opinion filed October 3, 1991.—Rehearing denied November 1, 1991.

Deborah G. Haspel, of Artery & Haspel, of Northbrook, for appellant.

Donald F. Hemmesch, Jr., and Kevin P. Burke, both of Taslitz, Smith & Hemmesch, and George P. Lynch, of George Patrick Lynch, Ltd., both of Chicago, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

In these consolidated cases, we consider two appeals by plaintiff, Joseph M. Gaynor, that originate from the same civil suit. The first (No. 2—90—1365) is an appeal from a grant of summary judgment in favor of defendant, Richard J. Walsh. The second (No. 2—91—0324) is an appeal from a later order granting $2,586 in attorney fees and costs to defendant. On June 25, 1991, this court *sua sponte* consolidated the two appeals for decision only. We now dismiss both appeals for lack of jurisdiction.

In September 1989, plaintiff filed a nine-count complaint against defendant seeking redress for defendant's alleged wrongful transfer

of the assets of two partnerships of which plaintiff held a one-third interest. On September 12, 1990, the trial court granted defendant's motion for summary judgment. The order did not contain any language pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) that there is no just reason for delaying enforcement or appeal. On September 20, 1990, plaintiff filed a motion to reconsider, which the trial court denied on November 15, 1990. Plaintiff's first notice of appeal (No. 2—90—1365) was filed on December 5, 1990, and sought review of the trial court's decision granting summary judgment to defendant.

On December 10, 1990, within 30 days of the November 15 order, defendant filed a motion for attorney fees and costs pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137). The matter was fully briefed and a hearing held on December 21, 1990. On January 8, 1991, the trial court granted defendant's motion and awarded defendant $2,500 in attorney fees and $86 in costs. (This court notes a discrepancy in the record between the trial judge's opinion letter and the order regarding the amount of the award. The opinion letter filed on January 8 recites an award of "$2,500.00 in attorney fees plus $68 in costs" while the order filed on the same day awards "attorney fees and costs *** of $2,586.00." Since defendant's motion requested $4,350 in attorney fees and *$86 in costs*, we assume that the $86 figure in the order was the amount intended by the trial judge and that the $68 figure in the opinion letter was an inadvertent transposition of numbers.)

On February 20, plaintiff filed a motion for leave to amend the first notice of appeal, which this court denied on February 26. We specifically denied plaintiff's motion for leave to amend the first notice of appeal (No. 2—90—1365) "without prejudice to [plaintiff] filing a motion for leave to file a Late Notice of Appeal from the order of January 8, 1991 within 7 days."

On March 7, 1991, plaintiff filed a motion requesting additional time to file a motion for leave to file a late notice of appeal from the January 8 order, which this court granted on March 19, extending the filing period to March 27, 1991. On March 25 plaintiff filed a motion for leave to file a late notice of appeal in case No. 2—91—0324, which this court allowed by written order on April 1.

The path of each appeal to the Appellate Court, Second District, is indeed a twisted one, with numerous motions submitted to and decided upon by either this court or the trial court. We have recited the relevant motions and their filing dates in detail because our jurisdiction to hear each appeal turns on whether each appeal is

timely. To provide a better understanding of the issues involved, we have included a procedural time line for each appeal.

CASE NO. 2—90—1365:
APPEAL FROM SUMMARY JUDGMENT ORDER

The issue presented is whether plaintiff's December 5 notice of appeal, which followed the trial court's denial of plaintiff's post-trial motion on November 15, became premature and ineffective when defendant filed his motion for Rule 137 sanctions (134 Ill. 2d R. 137) five days later on December 10.

Procedural Time Line

1990

| | |
|---|---|
| Sept. 12: | Summary judgment granted to defendant. |
| 20: | Plaintiff filed timely post-trial motion to reconsider. |
| Oct. | |
| Nov. 15: | Order entered denying plaintiff's motion to reconsider. |
| Dec. 5: | Plaintiff filed first notice of appeal (No. 2—90—1365) contesting summary judgment order. |
| 10: | Defendant filed motion for Rule 137 sanctions. |

Plaintiff contends that once his notice of appeal was filed on December 5, the trial court lost jurisdiction to hear or rule on defendant's motion for Rule 137 sanctions. We disagree.

Since both parties invoke *Marsh v. Evangelical Covenant Church* (1990), 138 Ill. 2d 458, as authority, we begin our analysis there. In *Marsh*, plaintiff filed a notice of appeal, and defendant filed a motion for sanctions on the same day. In determining whether plaintiff's notice of appeal in *Marsh* was timely, the court first examined Supreme Court Rule 303. (134 Ill. 2d R. 303.) The court stated:

"Supreme Court Rule 303 governs the timing of appeals from final judgments of the circuit court. [Citation.] Subsection (a)(1) of that rule states that a notice of appeal must be filed

within 30 days after entry of the final judgment appealed from, or 'if a timely post-trial motion directed against the judgment is filed, *** within 30 days after the entry of the order disposing of the last pending post-trial motion.' [Citation.] Subsection (a)(2) of Rule 303 states that a notice of appeal filed before entry of an order disposing of the last pending post-trial motion has no effect and must be withdrawn by the party who filed it. This is so whether the post-trial motion was filed before or after the notice of appeal. A new notice of appeal must be filed within 30 days after entry of the order disposing of the last pending post-trial motion." *Marsh*, 138 Ill. 2d at 460.

The court then determined that defendant's section 2—611 motion for sanctions (Ill. Rev. Stat. 1989, ch. 110, par. 2—611, repealed by Pub. Act 86—1156, eff. Aug. 10, 1990 (section 2—611 has been substantially replaced by Supreme Court Rule 137 (134 Ill. 2d R. 137))) was not a post-trial motion within the meaning of Rule 303(a) (134 Ill. 2d R. 303(a)) because it was not directed at the judgment. (*Marsh*, 138 Ill. 2d at 460-64.) The court then held that no appeal may be taken from an otherwise final judgment entered on a claim when a section 2—611 claim remains to be resolved, absent a finding pursuant to Rule 304(a) that there is no just reason to delay enforcement or appeal. (*Marsh*, 138 Ill. 2d at 468.) Specifically, the court stated:

"Because a section 2—611 claim is considered part of the underlying cause of action, it must be brought within 30 days of the underlying judgment *or within such further time as the underlying claim remains under the jurisdiction of the trial court while a timely post-trial motion is pending.*" (Emphasis added.) *Marsh*, 138 Ill. 2d at 468.

The court concluded that plaintiff's notice of appeal was premature since it was filed before the trial court order disposing of the defendant's claim for sanctions and thus ineffective in vesting jurisdiction in the appellate court. *Marsh*, 138 Ill. 2d at 469.

We find *Marsh* instructive in that it provides a general framework for our analysis. However, the sequence of events in *Marsh* is not identical to the instant case, where a motion for sanctions was filed 25 days after the trial court's disposition of the last post-trial motion and five days after the other party had filed a notice of appeal. In fact, neither our own research nor the briefs filed provide a prior case with the same sequence of events as presented by the in-

stant case. We therefore review three similar cases to aid our analysis of this novel issue.

In *American National Bank & Trust Co. v. Bus* (1991), 212 Ill. App. 3d 133, the trial court granted summary judgment to defendant. The order contained a Rule 304(a) (134 Ill. 2d R. 304(a)) finding that there is no just reason for delaying enforcement or appeal. (*American National Bank,* 212 Ill. App. 3d at 136.) Within a 30-day period following the order, defendant filed a motion for sanctions and plaintiff later filed a notice of appeal. (*American National Bank,* 212 Ill. App. 3d at 137.) The issue decided on appeal was whether the trial court retained jurisdiction to rule on defendant's motion for sanctions. The court held that the trial court retained jurisdiction to rule on the motion for sanctions and that the appellate court had jurisdiction to hear the appeal of the summary judgment order since the order contained the requisite Rule 304(a) finding that there is no just cause for delaying enforcement or appeal (134 Ill. 2d R. 304(a)). (*American National Bank,* 212 Ill. App. 3d at 136-37.) The court reasoned:

> "An appellate court only gains jurisdiction over matters raised in the notice of appeal. [Citation.] The filing of a notice of appeal only serves to deprive the circuit court of jurisdiction to modify the judgment appealed from or rule on matters of substance which are the subject of the appeal." *American National Bank,* 212 Ill. App. 3d at 136.

Two other cases are instructive. In each case, summary judgment was granted to a party who later filed a motion for section 2—611 sanctions, followed by the other party filing a notice of appeal as to the summary judgment order before the motion for sanctions had been ruled on by the trial court. (*SJS Investments, Ltd. v. La Salle National Bank* (1991), 210 Ill. App. 3d 228, 229; *Cashmore v. Builders Square, Inc.* (1990), 207 Ill. App. 3d 267, 272-73.) The summary judgment order in each case did not contain a finding pursuant to Rule 304(a) (134 Ill. 2d R. 304(a)) that there is no just reason for delaying enforcement or appeal. We assume that each scenario occurred within a 30-day period; however, the facts in *SJS* do not provide a date for the summary judgment order. The appellate court in each case invoked *Marsh* (138 Ill. 2d 458) as authority for holding that each notice of appeal was premature and failed to confer jurisdiction in the appellate court because of the outstanding motion for sanctions. *SJS,* 210 Ill. App. 3d at 230; *Cashmore,* 207 Ill. App. 3d at 273-74.

■■ We believe that in the instant case defendant's motion for Rule 137 sanctions filed on December 10 made plaintiff's December 5 notice of appeal premature because the trial court's November 15 order denying plaintiff's motion to reconsider, from which plaintiff was appealing, did not contain a Rule 304(a) finding (134 Ill. 2d R. 304(a)). Such a result is consistent with the logic and reasoning of *Marsh* and *American National Bank*. We disagree with plaintiff's contention that the December 5 notice of appeal divested the trial court of jurisdiction to consider defendant's December 10 motion for sanctions. As the court noted in *American National Bank*, the filing of a notice of appeal only serves to divest the trial court of matters of substance that are being appealed. *American National Bank*, 212 Ill. App. 3d at 136.

We also disagree with plaintiff's contention that under the *Marsh* decision defendant had to file his motion for sanctions within 30 days of the issuance of the summary judgment order or alternatively before the trial court ruled on plaintiff's motion to reconsider. While section 2—611 at one time specified that motions had to be made within 30 days of judgment or dismissal (Ill. Rev. Stat. 1985, ch. 110, par. 2—611, repealed by Pub. Act 86—1156, eff. Aug. 10, 1990), Supreme Court Rule 137 (134 Ill. 2d R. 137) does not specify a time period for filing motions that request sanctions. And the court in *Marsh* specifically held that a Rule 137 motion is not a post-trial motion and is therefore not governed by section 2—1203 of the Civil Practice Law (Ill. Rev. Stat. 1989, ch. 110, par. 2—1203 (allowing a 30-day filing period after judgment for post-trial motions)).

We hold that a Rule 137 motion may be filed at any time during which the trial court has jurisdiction, which extends 30 days past the date the last order or judgment was issued in the case. Ill. Rev. Stat. 1989, ch. 110, par. 2—1301(e) (trial court retains jurisdiction to set aside any final order or judgment for 30 days after entry thereof).

We conclude that plaintiff's notice of appeal became premature and ineffective when defendant filed the later motion for sanctions. This court is therefore without jurisdiction to hear the first appeal, and we must dismiss appeal No. 2—90—1365.

CASE NO. 2—91—0324:
APPEAL FROM ATTORNEY FEES ORDER

At issue is whether plaintiff's notice of appeal which was filed on April 1, contesting the trial court's January 8 order which

awarded attorney fees and costs to defendant, was timely. If plaintiff's notice of appeal was timely filed pursuant to the requirements of Supreme Court Rule 303 (134 Ill. 2d R. 303), this court has proper jurisdiction to consider the merits of the appeal.

Procedural Time Line

1991

| | |
|---|---|
| Jan. 8: | Trial court order awarded $2,586 in attorney fees and costs to defendant pursuant to Supreme Court Rule 137. |
| Feb. 7: | Expiration of 30-day period for filing notice of appeal of the Jan. 8 order pursuant to Supreme Court Rule 303(a). |
| 20: | Plaintiff filed motion for leave to amend the first notice of appeal in case No. 2—90—1365 (filed Dec. 5, 1990). |
| 26: | This court denied plaintiff's Feb. 20 motion, without prejudice to plaintiff filing a late notice of appeal from the Jan. 8 order within seven days (by March 5). |
| Mar. 7: | Plaintiff filed a motion requesting additional time to file a motion for leave to file a late notice of appeal. |
| 9: | Expiration of the additional 30-day period for filing a late notice of appeal of the Jan. 8 order pursuant to Supreme Court Rule 303(e). |
| 19: | This court granted plaintiff's March 7 motion, extending the filing period to March 27. |
| 25: | Plaintiff filed a motion for leave to file a late notice of appeal in case No. 2—91—0324. |
| Apr. 1: | This court granted plaintiff's March 25 motion for leave to file a late notice of appeal; late notice of appeal filed (No. 2—91—0324). |

Plaintiff contends that he substantially complied with the re-

quirements of Rule 303(e) for filing a late notice of appeal and that this court is therefore vested with jurisdiction to decide the appeal. Defendant argues that Rules 303(a) and 303(e) provide a combined filing period for notices of appeal of 60 days after judgment, which in this case expired on March 9, making plaintiff's April 1 notice of appeal untimely. Defendant argues that this court erred on March 19 when it granted plaintiff's March 7 motion requesting additional time to file a motion for leave to file a late notice of appeal. Defendant asks this court to dismiss this appeal for lack of jurisdiction.

■ Both parties agree that the question of whether plaintiff's notice of appeal was timely filed will turn on application of Supreme Court Rule 303 (134 Ill. 2d R. 303), so we begin our analysis there. Rule 303(a)(1) provides the general rule that notices of appeal must be filed within 30 days after final judgment. (134 Ill. 2d R. 303(a)(1).) Rule 303(e) provides for an additional 30-day extension upon a showing of good cause:

> "(e) **Extension of Time in Certain Circumstances.** On motion supported by a showing of reasonable excuse for failure to file a notice of appeal on time, accompanied by the proposed notice of appeal and the $25 filing fee, filed in the reviewing court within 30 days after expiration of the time for filing a notice of appeal, the reviewing court may grant leave to appeal and order the clerk to transmit the notice of appeal to the trial court for filing." 134 Ill. 2d R. 303(e).

Courts have found the time period requirements in Rule 303 to be mandatory and jurisdictional. (*Local 799, American Federation of State, County & Municipal Employees, AFL-CIO v. Henkhaus* (1980), 88 Ill. App. 3d 1034, 1035-36; *Schneider v. Vine Street Clinic* (1979), 77 Ill. App. 3d 946, 947-48; *Norris v. Board of Fire & Police Commissioners* (1975), 30 Ill. App. 3d 224, 227.) And the Illinois Supreme Court has stated that "our rules of procedure have purpose and are to be adhered to by courts and counsel. If litigation is to have some finality, acts must be accomplished within the time prescribed by law." *People v. Wilk* (1988), 124 Ill. 2d 93, 108.

■ We now admit error in our prior ruling of March 19 which allowed plaintiff until March 27 to file a motion for leave to file a late notice of appeal. This court had no power to do so. Plaintiff's window of opportunity to file a late notice of appeal pursuant to Supreme Court Rule 303(e) (134 Ill. 2d R. 303(e)) expired, without such occurring, on March 9. Even if this court did have the power to extend the filing period to March 27, plaintiff's motion for leave

to file a late notice of appeal which was filed March 25 failed to comply with Rule 303(e). The motion was not *"accompanied* by the proposed notice of appeal." (Emphasis added.) 134 Ill. 2d R. 303(e).

We emphasize, however, that on February 26, although not requested by plaintiff, we added "without prejudice to [plaintiff] filing a Late Notice of Appeal from the order of January 8, 1991 within 7 days" to our written order which denied plaintiff's motion to amend the December 5 notice of appeal. Compliance would have cured the problem. We conclude that plaintiff's appeal was not timely filed pursuant to Rule 303, that this court is without jurisdiction to rule on the merits and that we therefore must dismiss case No. 2—91—0324.

In conclusion, we wish to add that it is always with regret that this court dismisses an appeal for lack of jurisdiction. However, jurisdiction is a necessary prerequisite for any appeal (see Supreme Court Rule 301 (134 Ill. 2d R. 301)), and for this court to allow an appeal when jurisdiction is lacking would lessen the integrity of the appellate process as a whole (see *Wilk,* 124 Ill. 2d at 108). We hope that this opinion will highlight the need for attorneys properly to perfect an appeal, being careful to avoid premature appeals and comply with the filing periods provided by Rule 303 (134 Ill. 2d R. 303).

We hold that we are without jurisdiction to hear either appeal, and they are both hereby dismissed.

Appeals dismissed.

UNVERZAGT and NICKELS, JJ., concur.