# Illinois Official Reports

## Appellate Court

---

### *Vines v. Village of Flossmoor*, 2017 IL App (1st) 163339

---

| | |
|---|---|
| Appellate Court Caption | SYLVIA VINES and SELLARS VINES, Individually and as Parents and Next Friends of Sellars Vines II, a Minor, Plaintiffs-Appellants, v. THE VILLAGE OF FLOSSMOOR, a Municipal Corporation, and THE FLOSSMOOR LIBRARY, a Unit of Local Government, Defendants-Appellees. |
| District & No. | First District, Second Division<br>Docket No. 1-16-3339 |
| Filed | October 31, 2017 |
| Rehearing denied | December 7, 2017 |
| Modified opinion filed | December 12, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-L-4383; the Hon. Kathy Flanagan, Judge, presiding. |
| Judgment | Appeal dismissed. |
| Counsel on Appeal | Larry R. Rogers, Jr., of Power Rogers & Smith, LLP, of Chicago, for appellants.<br><br>Jon Yambert and Rebecca Fozo, of Chilton Yambert Porter, LLP, of Chicago, for appellee Village of Flossmoor.<br><br>Loretta M. Griffin, of Chicago, for other appellee. |

JUSTICE HYMAN delivered the judgment of the court, with opinion. Presiding Justice Neville[*] and Justice Mason concurred in the judgment and opinion.

**OPINION**

¶ 1 A "deadline" is the date or time before which a task must be completed. When it comes to appellate court jurisdiction, missing a deadline can plunge an otherwise promising appeal into a nightmare. That is what has occurred here. The plaintiffs missed both the deadline for filing their notice of appeal and for filing a late notice of appeal. Defendants caught the oversight and took proper advantage of the appellate rules. We have no choice but to dismiss this appeal for lack of jurisdiction.

¶ 2 Background

¶ 3 Fourteen-year-old Sellars Vines II went to the Flossmoor Library after school to work on his homework. When the library closed at 5 p.m., Sellars and a friend waited outside for a ride home near heavy metal grates placed atop ventilation shafts. Because it was chilly, the boys stood on one of the grates warming themselves with the exhaust air. The grate gave way, and Sellars fell 20 feet onto concrete, fracturing his scapula and three ribs and puncturing his lung. Sellars stayed in the hospital for two weeks, followed by rehabilitation.

¶ 4 Sellars's parents sued the Village of Flossmoor (Village) seeking damages for their son's injuries. Later they added the Flossmoor Library (Library) as a defendant. The defendants moved for summary judgment, denying all the allegations in the amended complaint. On August 31, 2016, the trial court granted summary judgment to both the Library and the Village. On September 30, the Vineses moved to reconsider, asserting the trial court erred and seeking leave to file a third amended complaint. On November 14, the trial court denied the motions to reconsider and for leave to file a third amended complaint.

¶ 5 Notice of appeal was due on December 14, 2016. The Vineses did not file until December 21. No Illinois Supreme Court Rule 303(d) motion for leave to file a late notice of appeal was filed. Ill. S. Ct. R. 303(d) (eff. Jan. 1, 2015) ("On motion supported by a showing of reasonable excuse for failure to file a notice of appeal on time, accompanied by the proposed notice of appeal and the filing fee, filed in the reviewing court *within 30 days after expiration of the time for filing a notice of appeal*, the reviewing court may grant leave to appeal and order the clerk to transmit the notice of appeal to the trial court for filing." (Emphasis added.)).

¶ 6 On January 17, 2017, the Library moved to dismiss the appeal for lack of jurisdiction. The deadline had passed for filing a late notice of appeal under Rule 303(d). Three days later, on January 20, the Vineses' counsel received the motion to dismiss. That same day, counsel filed a "Motion to Amend" the December 21, 2016, notice of appeal. A different panel of this court denied the Library's motion to dismiss on January 31, 2017. That same panel, on

---

[*]Presiding Justice Neville participated in the oral argument and concurred in the judgment and opinion.

February 15, 2017, denied the Village's motion to dismiss and granted the Vineses' motion to amend.

¶ 7                                                    Analysis

¶ 8        This court has an independent duty to review our jurisdiction over an appeal and dismiss when it does not exist. *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 539 (1984). We are without jurisdiction to review an untimely filed notice of appeal. *Tunca v. Painter*, 2012 IL App (1st) 093384, ¶ 23. The question of jurisdiction presents a question of law, which we review *de novo* (*In re Marriage of Demaret*, 2012 IL App (1st) 111916, ¶ 25), performing the same analysis that a trial judge would perform. *Khan v. BDO Seidman, LLP*, 408 Ill. App. 3d 564, 578 (2011).

¶ 9        Filing of a timely notice of appeal is both mandatory and jurisdictional. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). Illinois Supreme Court Rule 303(a) (eff. Jan. 1, 2015) requires a party appealing from a trial court's judgment to file the notice of appeal within 30 days after entry of the trial court's final judgment. Additionally, when a timely postjudgment motion against the judgment has been filed, the notice of appeal must be on file within 30 days from the entry of the order disposing of the last postjudgment motion.

¶ 10       Under Rule 303(d), when a party fails to file a timely notice of appeal, we may grant that party leave to appeal if, within 30 days after expiration of the time to file the notice of appeal, the party has filed a motion providing a reasonable excuse for its failure to timely file the notice, "accompanied by the proposed notice of appeal." Ill. S. Ct. R. 303(d) (eff. Jan. 1, 2015). "The notice of appeal may be amended without leave of court within the original 30-day period to file the notice as set forth in paragraph (a) above." Ill. S. Ct. R. 303(b)(5) (eff. Jan. 1, 2015). Thereafter amendment is by motion only. *Id.* "Amendments relate back to the time of the filing of the notice of appeal." *Id.*

¶ 11       The deadline by which the Vineses had to file their motion to amend expired on January 13, 2017. " 'If litigation is to have some finality, acts must be accomplished within the time prescribed by law.' " *Gaynor v. Walsh*, 219 Ill. App. 3d 996, 1004 (1991) (quoting *People v. Wilk*, 124 Ill. 2d 93, 108 (1988)). Instead of filing the required Rule 303(d) motion, the Vineses' counsel filed a "Motion to Amend" asking that the December 21, 2016, notice of appeal stand or, alternatively, amending the December 21 filing to "incorporate a request for leave to file a late Notice of appeal." The basis for the motion was an inadvertent docketing mistake. But, the requested amendment fell outside the 30-day grace period for civil appeals.

¶ 12       There is a split in authority as to whether a Rule 303(d) motion must be filed simultaneously with the notice of appeal to confer jurisdiction. Two cases, in *dicta*, have stated that based on Rule 303(d)'s language, the motion must be " '*accompanied* by the proposed notice of appeal.' " (Emphasis in original.) *Id.* at 1005; *Tunca*, 2012 IL App (1st) 093384, ¶ 27. In *Tunca*, the appellate court suggested that even if the proper documents were included in the record on appeal, the appellate court would lack jurisdiction for two reasons. First, the notice of appeal was untimely and filed without leave of court. And second, the motion for leave was filed after the submission of the notice of appeal, well after the Rule 303(d) limitation period had expired. *Tunca* concluded that this was insufficient to establish our jurisdiction because the motion was not accompanied by the proposed notice of appeal, even though within the 30-day grace period. *Tunca*, 2012 IL 093384, ¶ 27.

¶ 13    Filing the notice of appeal and the motion separately was not fatal in *La Grange Memorial Hospital v. St. Paul Insurance Co.*, 317 Ill. App. 3d 863, 865 (2000). There, the defendant inadvertently filed its notice of appeal one business day late. When it discovered its mistake, a timely Rule 303(d) motion was filed. The court granted the motion because the grace period had not expired. *Id.* As our supreme court has explained, " 'The rule permits the reviewing court to preserve a party's right to appeal if counsel's mistake is discovered and a motion is filed within the additional 30 days, and the authority granted should be liberally exercised.' " (Emphasis omitted.) *Bank of Herrin v. Peoples Bank of Marion*, 105 Ill. 2d 305, 308 (1985) (quoting Ill. Ann. Stat., ch. 110A, ¶ 303, Historical and Practice Notes, at 564 (Smith-Hurd 1968)). Based on this language, a Rule 303(d) motion should cover " 'an honest mistake of counsel' " like that in *La Grange*, as long as the Rule 303(d) motion " 'is filed within the additional 30 days.' " (Emphasis omitted.) *Id.* (quoting Ill. Ann. Stat., ch. 110A, ¶ 303, Historical and Practice Notes, at 564 (Smith-Hurd 1968)).

¶ 14    At oral argument, plaintiffs' counsel urged us to extend the holding of *People v. Brown*, 54 Ill. 2d 25 (1973), to avoid unduly emphasizing "formality" over "substance." In *Brown*, the defendant pled guilty to robbery and was sentenced the same day, but the trial court did not advise the defendant about the time requirements for a notice of appeal. The defendant filed a *pro se* notice of appeal some seven weeks later. Over two years passed. Briefing was completed and oral argument was held. The appellate court dismissed the appeal on its own motion. The supreme court reversed the appellate court's dismissal as an abuse of discretion. *Id.* at 25-27.

¶ 15    Significantly, the holding in *Brown* has not been extended to civil cases where there is no duty to admonish regarding time limits on the notice of appeal. *Local 799, American Federation of State, County & Municipal Employees v. Henkhaus*, 88 Ill. App. 3d 1034 (1980). "Although such an admonition has been held to be essential in a criminal proceeding and is now required by Supreme Court Rule 605, there is no obligation on the part of the trial court to admonish a party to a civil suit of the method of perfecting an appeal or the time within which a notice of appeal is required to be filed." *Id.* at 1036. Indeed, "[t]he right to appeal a criminal conviction is fundamental." *People v. Salem*, 2016 IL 118693, ¶ 1. As this is not a criminal case, *Brown* is inapposite.

¶ 16    Here, as in *Gaynor*, we have reconsidered, as we must, this court's rulings on January 31, 2017, and February 15, 2017, denying the defendants' motions to dismiss the appeal and the February 15, 2017, order granting plaintiffs' motion to amend. See *Gaynor*, 219 Ill. App. 3d at 1004 (appellate court reversed prior ruling allowing additional time to file motion for leave to file late notice of appeal where "window of opportunity" to file late notice of appeal had expired). The filing of a Rule 303(d) motion is a mandatory requirement, regardless of whether the movant can show a reasonable excuse of lack of prejudice in its late filing of a notice of appeal. The Vineses had to file their late notice of appeal under Rule 303(d) by January 13, 2017. They missed the deadline. An admonition by the *Gaynor* court is worth reiterating: "for this court to allow an appeal when jurisdiction is lacking would lessen the integrity of the appellate process as a whole*." Id.* at 1005.

¶ 17    The Vineses' petition for rehearing argues our ruling on the motion to dismiss and the motion to amend was reached "without the benefit of fully briefing or extensive oral argument on the specific issue which formed the basis of its opinion." Not so. The first point in the Vineses' reply to the Library's response brief acknowledges that "this court has

already been fully briefed on the question of jurisdiction" and proceeds over the course of three pages to deflect the issue. In addition, at oral argument, we extensively questioned the parties on jurisdiction.

¶ 18     We are sensitive to the injuries suffered by Sellars, but we do not have the authority to excuse the filing requirements governing appeals. Fairness, efficiency, and predictability require that there be strict deadlines for our jurisdiction in civil cases.

¶ 19     Accordingly, we are without jurisdiction and dismiss the appeal.

¶ 20     Appeal dismissed.