**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 230712-U

Order filed April 1, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| EMAD H. SUGHAYAR, | ) | Will County, Illinois, |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| WALAA A. SUGHAYAR, | ) | Appeal No. 3-23-0712 |
| | ) | Circuit No. 20-D-1415 |
| Respondent-Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ISSAK SUGHAYAR, | ) | Honorable |
| | ) | Derek W. Ewanic, |
| Third Party Respondent-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Justices Holdridge and Davenport concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   This court lacks jurisdiction to consider whether the circuit court erred by dismissing wife's third-party complaint with prejudice. The court abused its discretion by imposing Rule 137 sanctions against wife.

¶ 2    Respondent, Walaa A. Sughayar, appeals the circuit court orders dismissing her third-party complaint with prejudice and imposing Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018) sanctions against her. She argues that dismissal should have been without prejudice. Walaa further argues that the court erred by imposing sanctions because her third-party complaints were not frivolous, there was a reasonable basis for the third-party complaints, and the allegations in the third-party complaints were based on reasonable inquiry. We lack jurisdiction to consider whether dismissal should have been without prejudice and we reverse the court's imposition of sanctions.

¶ 3                                    I. BACKGROUND

¶ 4    Walaa and petitioner, Emad H. Sughayar, were married in 2002. Emad filed a petition for dissolution of marriage in 2020. In June 2021, Walaa filed a motion to add Emad's brother, Issak Sughayar, as a third party to the dissolution proceedings. Walaa alleged that Emad and Issak had a common legal or financial interest in various businesses which were marital businesses. Walaa further alleged that both Issak and Emad had access to the proceeds from the marital businesses and that substantial funds had been transferred out of the businesses. In June 2022, Judge Dow, granted Walaa's motion. In the order granting the motion, the court stated that the question it was addressing was whether it should exercise its equitable power to join Issak to the litigation as a third party "so that a complete determination of the matters needing resolution can be accomplished. The answer to that question is a resounding 'yes'." The court then noted various matters that Issak had been involved in, which include marital estate matters that the court would be required to adjudicate. For example, the court noted that (1) Issak had receipts for Walaa Contracting, Inc., (2) Issak provided the maintenance and support owed by Emad, (3) Issak paid Emad's attorney fees, (4) Issak had an interest in a business "operated on property that is owned

2

in a Land Trust with ISAAK [*sic*] and EMAD as Joint Tenants" and (5) Issak manages a business, 4300 Citigo Inc., which Emad owns. The court found that "[t]ogether, all of these business and financial interrelationships between ISAAK [*sic*] and EMAD provide ample cause for the Court, in the exercise of its equitable powers ***, to bring ISAAK [*sic*] into this litigation so that an accurate accounting can be made and a fair and complete resolution of the matters at issue between EMAD and WALAA can be reached."

¶ 5        Walaa filed a third-party complaint which requested that the court find that a complete, fair, and equitable determination of the litigation could not be made without bringing Issak into the litigation and requesting that the court grant Walaa leave to bring Issak in as a third-party defendant. Issak filed a motion to dismiss based on the failure to state a cause of action. At a hearing, Judge Dow, granted the motion to dismiss without prejudice and allowed Walaa leave to file an amended third-party complaint. The court stated that it had already ruled that Issak was "coming in because the Court has found that it cannot make a final determination under *** Section 503, and I'd argue under 504 and 505 with regard to the support issues, without actually having *** transfer of assets potentially from *** Isaak [*sic*] ***." The court noted it was not confused as to how unusual it was to have a third-party complaint. The court then reiterated "again that was clear from my ruling on that, there is no way that this Court can resolve the 503, 504, and 505 between these parties, particularly when the petitioner's *** tact has been since the beginning of this litigation as he's got no money and, of course *** to do any support for the folks." The court continued that "it may be that under some legal theory, the Court will end up having Isaak [*sic*] Sughayar's supporting not only his household but Mr. Emad Sughayar's household."

¶ 6        Walaa filed a third-party complaint for accounting and other relief naming Issak as a third-party defendant. Many allegations were based upon information and belief. Numerous factual allegations were similar and/or consistent with the portion of the court's order granting the motion to add Issak as a third-party, wherein the court set forth various matters in which Issak had been involved. The complaint requested that Issak be ordered to provide a complete accounting of all assets and properties Issak owned or held, with or for the benefit of Emad during the marriage of Walaa and Emad, and every agreement between Issak and Emad which may affect Emad's income. Issak filed a motion to dismiss the third-party complaint. He argued that the allegations were based upon information and belief and failed to provide an underlying factual basis for those allegations as required. Issak further argued that the complaint failed to allege that Walaa had no adequate remedy at law, which is a necessary element of a cause of action for accounting. Additionally, he argued that Walaa had an adequate remedy at law—the court's subpoena powers and other discovery tools. Judge Ewanic found that the complaint failed to state a cause of action because it was pled on information and belief and without specificity. The court further found that Walaa had an adequate remedy at law. The court dismissed the third-party complaint without prejudice and gave leave to file an amended complaint.

¶ 7        Walaa filed an amended third-party complaint with the intent of ordering Issak to sell a specific property ("the State Street property") or ordering him to buy out Emad's joint tenancy interest in that property and place the net proceeds from the sale in a trust. The complaint alleged Emad and Issak engaged in multiple joint business relationships materially affecting the marital property, including "their joint ownership through a Land Trust *** of [a] parcel of real estate," the State Street property, as joint tenants, which was acknowledged by both Issak and Emad in their depositions. The complaint further alleged that Issak's business was situated on the State

4

Street property. Walaa alleged that Emad acquired joint tenancy in the property after the parties were married. She further alleged that Emad had various outstanding court-ordered financial obligations, and that considering those obligations, it was just and equitable to require Emad and Issak to sell the State Street property or require Issak to buy Emad's joint tenancy interest for fair market value and put the proceeds in a trust. She argued that Issak was a necessary party because the disposition of the State Street property could not be accomplished without Issak's court-ordered action. Her complaint noted that it was filed pursuant to section 503 of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/503 (West 2018)) and her prayer for relief also cited to that section.

¶ 8        Issak filed a motion to dismiss the amended third-party complaint with prejudice. He argued that Walaa failed to state a claim because relief under section 503 is ancillary to the cause of action for dissolution of marriage and does not represent separate, unrelated claims. In essence, he argued that no separate cause of action could be filed against a third-party under section 503. Issak further argued that because Emad and Issak owned their interest in the State Street property as a beneficial interest in a land trust instead of as joint tenants, Emad could easily sell his ownership interest by assigning his beneficial interest to the buyer. Issak would not need to cooperate with or agree to the sale for it to happen. Walaa responded that Emad's interest in the State Street property was unmarketable due to Issak's wholly owned business operating at the property. Thus, Issak would either need to sell his interest or buy Emad's interest. Issak, in his response, noted that his wholly owned business had ceased operations at the State Street property and that the property was currently leased and subleased.

¶ 9        At the hearing on the motion, Issak argued that the fact that the State Street property was leased made Emad's interest in it more valuable because whoever purchased the interest would

get the profits from the leases. Walaa noted that Emad and Issak had an undivided beneficial interest in the State Street property. She further noted that, since Issak's deposition, Issak's business had ceased operating on the State Street property and the property had been leased. Walaa also noted that Emad claimed he had no income, such that the lease was not generating income, or it was going to the other beneficial owner (Issak). Walaa argued that the court could exercise its powers to preserve and maximize the value of the marital estate by involving a third-party, Issak. The court asked Walaa's counsel if the complaint alleged that Emad and Issak had a joint tenancy in the property. Counsel stated that the land trust owns the land and Emad and Issak have an equal interest in the land trust. Walaa's counsel agreed that Emad's interest could be assigned but stated that to maximize the value of the interest, the rest of the land trust would need to go on the market at the same time. The court noted that Issak had already been allowed as a party but stated that a cause of action would need to be alleged in the complaint. The court asked about the cause of action. Walaa's counsel argued that it "would be the extent of the actual powers of the Court." The court determined that the third-party complaint failed to allege a cause of action. On June 13, 2023, Judge Ewanic granted Issak's motion to dismiss with prejudice.

¶ 10    Issak filed a motion for Rule 137 sanctions against Walaa. He argued that (1) Walaa failed to make a reasonable inquiry into the facts and law which formed the basis for her filings, (2) the filings were not well grounded in fact or law, and (3) the filings were made for an improper purpose—to pressure Issak to fund a settlement in the matter. Issak highlighted the fact that many of Walaa's allegations were made on information and belief. Issak also noted that a rudimentary investigation would have shown that Issak's business had ceased operations on the State Street property. Additionally, Issak alleged that a basic investigation would have revealed that the State Street property was held in a land trust and Issak and Emad's ownership interests

6

were beneficial personal property interests. Issak also argued that neither Walaa's first third-party complaint nor her third third-party complaint set forth any cause of action.

¶ 11    Judge Ewanic held a hearing on the motion. Walaa argued that the complaints were not filed for an improper purpose and were based upon the limited discovery that was done and what was known at that time. Walaa further argued that the complaints were not filed without a factual basis for having Issak be involved in the litigation. The court inquired if Walaa's counsel conceded that the first third-party complaint was not grounded in fact and counsel responded that it was partially true and partially not true. Specifically, counsel noted that the allegations were based on information and belief and were not based on conjecture. The court pointed out that the third third-party complaint alleged that Emad and Issak held the State Street property in joint tenancy but there had been prior testimony that it was in a land trust and that Issak no longer operated his business on that property. Walaa's counsel noted that the third-party complaint did mention the land trust but mischaracterized the beneficial interest as joint tenancy. Counsel further noted that the complaint specifically stated they had a joint ownership through a land trust. The court pointed out that later in the complaint the relief requested was that Issak sell the property as a joint tenant and asked counsel if it was correct that he made an allegation in the complaint that was completely untrue. Counsel responded that the court was correct. The court found that the first two third-party complaints were not grounded in fact and that as to the third third-party complaint, no reasonable inquiry was made regarding the veracity of the allegations. On September 18, 2023, the court entered a written order granting the motion for Rule 137 sanctions for the reasons and findings the court orally made on the record. The court reserved the issue as to the amount of sanctions pending review of Issak's counsel's billing records.

¶ 12        At the subsequent hearing, the court noted it was looking at the billing statements from the time that the first third-party complaint was stricken and leave to refile was given. The court found that the work to secure the dismissals was reasonable and necessary. The court awarded fees in the amount of $79,015.90 and entered a judgment and order for sanctions against Walaa on November 1, 2023, which entered sanctions against Walaa for $79,015.90. The judgment stated that it was a final and appealable order. On November 15, 2023, the court entered an agreed order which provided that pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) the court found that there was no just reason to delay the enforcement or appeal or both of the November 1, 2023, judgment and order. Walaa appeals.

¶ 13                                      II. ANALYSIS

¶ 14        "This court has an independent duty to review our jurisdiction over an appeal and dismiss when it does not exist." *Vines v. Village of Flossmoor*, 2017 IL App (1st) 163339, ¶ 8. Here, Walaa challenges the court's order dismissing her third-party complaint with prejudice. However, while that order is a final order as to her claims against Issak, it is not a final order disposing of the entire case. Therefore, in order to be appealable, the necessary language from Rule 304(a) would need to be included in the dismissal order, but was not. Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016) ("If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both."). Thus, we lack jurisdiction to consider Walaa's appeal of the order dismissing the third-party complaint with prejudice.

¶ 15        Walaa also challenges the court's judgment and order imposing sanctions pursuant to Rule 137 and awarding Issak attorney fees. Walaa argues that her third-party complaints were

not frivolous, there was a reasonable basis for the third-party complaints, and the allegations in the third-party complaints were based on reasonable inquiry. Issak argues that Walaa was properly sanctioned. He argues that the complaints did not state a cause of action and were inherently frivolous. Issak further argues that the complaints were improper, as they were based on information and belief and that the third third-party complaint contained an allegation regarding joint tenancy, which Walaa's counsel admitted was inaccurate. He also argued that a reasonable inquiry would have revealed that the allegation was untrue.

¶ 16        Illinois Supreme Court Rule 137(a) (eff. Jan. 1, 2018) provides that pleadings, motions, and other documents must be signed by a party or attorney and that the signature "constitutes a certificate by him that *** to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." "The purpose of Rule 137 is to prevent abuse of the judicial process by penalizing claimants who bring vexatious and harassing actions" (*Sundance Homes, Inc. v. County of Du Page*, 195 Ill. 2d 257, 285-86 (2001)), and "not to penalize litigants and their attorneys simply because they were zealous but unsuccessful" (*Toland v. Davis*, 295 Ill. App. 3d 652, 658 (1998)). The court must set forth the reasons and basis for a sanction with specificity and the reviewing court may only affirm the imposition of sanctions based on those reasons. *US Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust v. Burnett*, 2021 IL App (1st) 210135, ¶ 39. "A trial court's determination is afforded considerable deference, but it does not preclude a reviewing court from independently reviewing the record and finding an abuse of discretion if the facts warrant." *Id.* "When reviewing a decision on a motion for sanctions, an

9

appellate court's primary consideration is whether the trial court's decision was informed, was based on valid reasoning, and follows logically from the facts." *Id.*

¶ 17        Initially, we note that when the court imposed the sanction against Walaa it only took into account fees incurred by Issak after the first of the third-party complaints was stricken and leave to refile given. This indicates the court only sanctioned Walaa for the second and third third-party complaints. We will confine our analysis to those complaints.

¶ 18        After review, we conclude that the court abused its discretion in sanctioning Walaa for her unsuccessful third-party complaints. We first note that Walaa sought and received leave from the court to file each third-party complaint. Judge Dow made it apparent that she believed Issak should be added as a party to this case and that he was actually a necessary party to this case. Judge Dow found that Issak and Emad's financial and business relationships were so intertwined, that in order to make a proper distribution of the property and a proper accounting, Issak needed to be added as a party. She reiterated these opinions while ruling that Walaa's first third-party complaint be dismissed. As such, we cannot say it was sanctionable conduct for Walaa to file the second third-party complaint, which largely contained allegations that were similar to the findings the court set forth in its order allowing Issak to be named a third-party defendant.[1] The complaint not only had factual allegations that tracked those in the court's order, but also, its only cause of action—accounting, was mentioned in the order.[2] While the complaint fell short, we cannot say that filing a complaint that the court essentially prompted Walaa to file was

---

[1] We acknowledge that the court's order allowing Walaa to name Issak as a third party does not excuse her obligation to file a proper complaint. However, we reference the court's order, as the court's strong language indicating Issak was a necessary party and reference to an accounting could certainly influence what Walaa would include her third-party complaint.

[2] We understand there is a difference between a cause of action for accounting and the colloquial use of the term "accounting". However, even if Judge Dow was using the term in the colloquial sense, given her strong endorsement of bringing Issak into the litigation, we cannot say that it was unreasonable for Walaa to consider this as some direction by the judge and attempt to bring a complaint for accounting against Issak.

vexatious or harassing or done without a reasonable inquiry. As to the third third-party complaint, Walaa's counsel admitted that there was an inaccurate allegation regarding joint tenancy as to the State Street property. However, as counsel pointed out, the complaint also correctly alleged that the property was owned jointly by Emad and Issak through a land trust. While one might criticize counsel's legal work, it does not rise to the level of sanctionable conduct. Moreover, the court's order allowing Issak to be added as a third party stated that the property was owned in a land trust with Issak and Emad as joint tenants. Walaa should not be sanctioned for referring to the ownership interest in the same way as the court had previously. Walaa could have done more and provided better drafted complaints, but they were not so egregious as to warrant sanctions under the unique circumstances of this case and the directions expressed by the court. See *Webber v. Wight & Co.*, 368 Ill. App. 3d 1007, 1032 (2006) (stating that Rule 137 sanctions should be reserved for the most egregious cases).

¶ 19                                                    III. CONCLUSION

¶ 20            The judgment of the circuit court of Will County is reversed.

¶ 21            Reversed.