JOHN F. MURPHY, Plaintiff-Appellant, v. THE BOARD OF REVIEW OF THE DEPARTMENT OF EMPLOYMENT SECURITY *et al*, Defendants-Appellees.

First District (2nd Division)    No. 1—08—3551

Opinion filed September 29, 2009.

Odelson & Sterk, Ltd., of Chicago (Burton S. Odelson and Elizabeth Shine Hermes, of counsel), for appellant.

Lisa Madigan, Attorney General, of Chicago (Michael Scodro, Solicitor General, and Ann C. Chalstrom, Assistant Attorney General, of counsel), for appellees.

JUSTICE KARNEZIS delivered the opinion of the court:

Plaintiff John F. Murphy appeals from an order of the circuit court on administrative review upholding the determination of the Board of Review (Board) of the State of Illinois Department of Employment Security to deny plaintiff unemployment benefits. On appeal, plaintiff contends he is entitled to unemployment compensation pursuant to the Unemployment Insurance Act (Act) (820 ILCS 405/100 *et seq.* (West 2006)) because: (1) he was not "employed" as defined by the Act; (2) he did not receive "wages" as defined by the Act; and (3) the Board's determination that he was ineligible for unemployment benefits because of his position as an elected official violated his rights to equal protection under the law. For the following reasons, we affirm.

## BACKGROUND

Plaintiff was employed by Certified Grocers Midwest until he was discharged in January 2006. Plaintiff applied for unemployment benefits with the Illinois Department of Employment Security (Department) and received weekly unemployment benefits in the amount of $350 from February 4, 2006, through June 24, 2006. During that time, plaintiff also held the elected position of township supervisor for the Township of Worth. As township supervisor, plaintiff received weekly compensation in the amount of $519.23.

In June 2006, the Department terminated plaintiff's unemployment benefits and demanded that plaintiff reimburse the Department for the amount of unemployment benefits he had received. Plaintiff requested that the Department reconsider its determination. Upon reconsideration, the Department reaffirmed its position. Plaintiff subsequently requested a hearing before an administrative law judge (ALJ), which occurred by a telephone conference.

A review of the transcript from the telephone conference reveals the following facts. Plaintiff stated that as township supervisor he performed certain duties as required by statute. Those duties included overseeing the township budget, acting as chairman at board of trustee meetings, meeting with accountants and establishing pay raises for employees, and assisting in administering grants. However, he stated that if he did not perform any duties, he would still receive compensation merely for holding the elected position. Plaintiff further stated that he received a W2 for his compensation as township supervisor and included the compensation on his tax return for the 2006 tax year.

The ALJ issued a decision upholding the Department's denial of benefits. Plaintiff appealed the Department's determination to the Board of Review. The Board found that plaintiff was ineligible for benefits. The Board found that because plaintiff's weekly wages from his position as township supervisor exceeded his weekly unemployment benefit amount, he was not considered an "unemployed individual" pursuant to the Act and thus was not eligible to receive unemployment benefits. Plaintiff appealed to the circuit court of Cook County for administrative review pursuant to the Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 2006)). The circuit court affirmed the denial of unemployment benefits. Plaintiff now appeals.

## ANALYSIS

On appeal from a circuit court's order in an administrative review proceeding, we review the administrative agency's decision, not the circuit court's determination. *XL Disposal Corp. v. Zehnder*, 304 Ill. App. 3d 202, 207 (1999). Our supreme court has identified three types of questions that a court may encounter on administrative review: questions of fact, questions of law, and mixed questions of fact and law. *City of Belvidere v. Illinois State Labor Relations Board*, 181 Ill. 2d 191, 203-04 (1998).

■ We note that the parties disagree as to which standard of review to apply. Plaintiff argues that the question presented on review is whether compensation received by an elected official qualifies as remuneration pursuant to the Act, which is a question of law this court should review *de novo*. Defendants argue that the question presented on review is whether plaintiff was ineligible for unemployment benefits because he was not an "unemployed individual" pursuant to the Act, which presents a mixed question of law and fact that this court reviews under a clearly erroneous standard. We agree.

Mixed questions of law and fact are questions in which the historical facts are admitted or established, the rule of law is undisputed, and the issue is whether the facts satisfy the statutory standard. *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 211 (2008). Under these circumstances, the fact finder examines the legal effect of a given set of facts and the fact-finding is inseparable from the application of law to those specific facts. *Chicago Messenger Service v. Jordan*, 356 Ill. App. 3d 101, 106-07 (2005). This standard is largely deferential toward the agency rendering the decision and the decision will be reversed only when it is clearly erroneous. *Chicago Messenger Service*, 356 Ill. App. 3d at 106-07. In such cases, an administrative agency's decision will be deemed clearly erroneous when the reviewing court is left with the definite and firm

conviction that a mistake has been committed. *Cinkus*, 228 Ill. 2d at 211.

Here, we review the Board's determination that plaintiff was not eligible for unemployment benefits because he was not an "unemployed individual" pursuant to the Act. This presents a mixed question of law and fact, which we review under a clearly erroneous standard. We disagree with plaintiff's contention that the question presented is whether compensation received by an elected official qualifies as remuneration pursuant to the Act. The Board did not make such a determination in this case. Rather, the Board answered the question of whether plaintiff was an "unemployed individual" pursuant to the Act.

■ Turning to the merits of plaintiff's contentions on appeal, plaintiff first contends that he is entitled to unemployment compensation because his position as township supervisor cannot be considered "employment" pursuant to the Act. Section 220(D)(1)(a) of the Act provides that the term "employment" shall not include service performed in the employ of a governmental entity if such service is performed in the exercise of duties as an elected official. See 820 ILCS 405/220(D)(1)(a) (West 2006). Plaintiff maintains that because his service as an elected official cannot be considered "employment," his compensation received as a result of his service cannot be considered compensation from employment.

Plaintiff raised this contention before the Board, which characterized it as a "nonsequitur." The Board noted that the issue was whether plaintiff was an "unemployed individual" during the weeks he received unemployment benefits rather than whether his elected position constituted "employment" pursuant to section 220(D)(1)(a) of the Act. This determination was not clearly erroneous. Regardless of whether plaintiff's position as an elected official is considered "employment" pursuant to the Act, plaintiff was ineligible to receive unemployment benefits pursuant to other sections of the Act, as discussed below.

Plaintiff further argues that even if his service as an elected official was considered "employment," he was entitled to unemployment compensation because he did not receive "wages" as defined by the Act.

Section 234 of the Act provides in part that "wages" are "every form of remuneration for personal services, including salaries, commissions, bonuses, and the reasonable money value of all remuneration in any medium other than cash." 820 ILCS 405/234 (West 2006).

Plaintiff argues that because his position as township supervisor did not include performing "personal services," his compensation from that position cannot be considered "wages." Plaintiff maintains

that his compensation cannot be considered "wages" because it was not dependent upon the performance of any duties and he would receive the same compensation merely for holding office.

Here, plaintiff's contention misses the mark. This is not a case in which plaintiff held office but failed to perform any duties. Rather, plaintiff testified that the position as township supervisor had statutory duties and he did perform various duties serving in that position during the period he received unemployment compensation. The Board found that the Act's definition of "wages" was broad and the duties that plaintiff personally performed as township supervisor came within the Act's definition of "wages." We do not find this determination to be clearly erroneous.

Further, the Board found that pursuant to section 239 of the Act (820 ILCS 405/239 (West 2006)), plaintiff was not an "unemployed individual" because his weekly compensation as township supervisor was more than his weekly benefit amount.

Section 239 of the Act, which is entitled "unemployed individual," provides in part that "[a]n individual shall be deemed unemployed in any week *** of less than full-time work if the wages payable to him with respect to such week are less than his weekly benefit amount." 820 ILCS 405/239 (West 2006). Because plaintiff's weekly compensation as township supervisor exceeded his weekly benefit amount, the Board determined that plaintiff was not an "unemployed individual" and was not entitled to receive unemployment benefits. We do not find the Board's determination that plaintiff was ineligible for unemployment benefits to be clearly erroneous.

■ Lastly, plaintiff contends that the Board's determination that he was ineligible for unemployment benefits because of his position as an elected official violated his rights to equal protection under the law.

Again, plaintiff's contention misses the mark. The Board did not deny plaintiff unemployment benefits because he held an elected position. Rather, the Board determined that plaintiff was not an "unemployed individual" because pursuant to section 239 of the Act, his weekly compensation from that position was greater than his weekly benefit amount. The same outcome would occur regardless whether plaintiff's compensation resulted from holding an elected position or some other part-time job. In other words, because plaintiff's compensation exceeded his benefit amount, he was denied benefits, regardless the origination of that compensation. We find no equal protection violation.

Accordingly, the judgment of the circuit court affirming the Board's denial of unemployment benefits is affirmed.

Affirmed.

CUNNINGHAM, P.J., and HOFFMAN, J., concur.