# Illinois Official Reports

## Appellate Court

---

*Weinberg v. Department of Employment Security*,
2015 IL App (1st) 140490

---

| | |
|---|---|
| Appellate Court Caption | ADAM WEINBERG, Plaintiff-Appellee, v. THE DEPARTMENT OF EMPLOYMENT SECURITY; DIRECTOR OF DEPARTMENT OF EMPLOYMENT SECURITY; and BOARD OF REVIEW, Defendants-Appellants (William Blair and Company, LLC, Defendant). |
| District & No. | First District, First Division<br>Docket No. 1-14-0490 |
| Filed | May 11, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-L-51401; the Hon. Robert Lopez Cepero, Judge, presiding. |
| Judgment | Reversed. |
| Counsel on Appeal | Lisa Madigan, Attorney General, of Chicago (Carolyn E. Shapiro, Solicitor General, and Paul Racette, Assistant Attorney General, of counsel), for appellants.<br><br>Katten & Temple, LLP, of Chicago (Nancy A. Temple, of counsel), for appellee. |

PanelJUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.
Presiding Justice Delort and Justice Harris concurred in the judgment and opinion.

## OPINION

¶ 1   This appeal involves the decision of the Board of Review (the Board) of the Department of Employment Security (the Department) finding Adam Weinberg ineligible for unemployment benefits because he was a partner in William Blair and Company (WBC). The Board found that Weinberg could not receive unemployment benefits because his compensation as a partner did not constitute wages as defined by section 500(E) of the Unemployment Insurance Act (the Act) (820 ILCS 405/500(E) (West 2010)). The circuit court reversed the Board's decision, finding that a portion of Weinberg's income constituted wages. On appeal, the Department contends the evidence established Weinberg's status as a partner, thus making him ineligible for benefits. We affirm the decision of the Board.

¶ 2   In 2000, Weinberg began working for WBC as an equity sales representative. In 2007, Weinberg accepted WBC's invitation to become a principal in the company. In 2008, WBC underwent a restructuring in which it became a subsidiary of WBC Holdings (WBCH), which is a limited partnership. When WBCH was formed, Weinberg became 1 of 170 principals or partners. WBCH also had approximately 900 nonprincipal employees.

¶ 3   On March 6, 2011, Weinberg filed an application for unemployment compensation. On May 6, 2011, a Department claims adjudicator found Weinberg eligible for unemployment benefits because he received remuneration for services that he performed during the base period for establishing benefits, which was the four quarters from October 1, 2009, to September 30, 2010. The claims adjudicator found that Weinberg received $354,230.70 in base period wages, comprised of $0 in the fourth quarter of 2009, and $118,076.90 in each of the first three quarters of 2010. The adjudicator found that Weinberg was compensated for his services, which were performed under the direction and control of WBC.

¶ 4   WBC requested reconsideration, asserting Weinberg was ineligible for benefits because he was a partner in the company. On July 20, 2011, the Department claims adjudicator reversed its decision and found that Weinberg's compensation did not fall under the Act's definition of wages. In August 2011, Weinberg appealed that decision.

¶ 5   A Department referee held a telephone hearing on Weinberg's claim over the course of four days between September and November 2011. Relevant testimony was provided by Weinberg and by two representatives of WBC/WBCH: John Smith, chief human resources officer; and Art Simon, general counsel.

¶ 6   Smith testified that Weinberg was a partner of the firm and was paid a percentage of profits. The percentage was based on the "number of points" and Weinberg's function in the firm. The company used the terms "principal" and "partner" interchangeably.

¶ 7   All principals of WBC have the authority to bind the firm in conducting its business. WBCH has two types of principals: point principals and production principals. Weinberg was a production principal. Both receive guaranteed payments annually that are calculated prior to

the determination of profits. Point principals received compensation based on company profits, and production principals were compensated based on the revenue that they generated for the firm. The salary of a production principal includes an annual amount of $36,000 to be paid "against production," whereas the point principals received $100,000 per year.

¶ 8        Simon testified that WBCH files a partnership tax return. Eight principals of WBC comprise an executive committee. All of the profits generated by WBC are distributed to the holding company of WBCH and are then distributed to the partners. The $36,000 annual amount that Weinberg received was not wages but instead was derived from the partnership's profits. Weinberg also received a monthly payment based on "his commissions that were generated by the clients [for] which he had responsibility." In addition, he was paid a share of the firm's profits, paid quarterly, based on points and the capital he had invested in the company.

¶ 9        WBC presented several exhibits. A January 2007 WBC memo stated that new principals of WBC were considered to be self-employed individuals, rather than employees, and that income tax and payroll taxes would not be withheld from their compensation. Principals were required to pay self-employment tax.

¶ 10        Weinberg's income was reported on an Internal Revenue Service Schedule K-1, titled "Partner's Share of Income, Deductions, Credits" from 2007 through 2010. Copies of Weinberg's Schedules K-1 for 2009 and 2010 were admitted into evidence. Those schedules list WBCH's partnership employer identification number and Weinberg's identifying number as a partner, along with Weinberg's share of profit, loss and capital and other financial information. WBC also presented company documents and memoranda referring to Weinberg as a partner.

¶ 11        Weinberg testified that upon becoming a principal in 2007, he invested $200,000 in capital in WBC. His rate of pay varied and was "based directly on the commissions" that he generated, as opposed to being paid out of the firm's profits. Weinberg acknowledged that he indicated on his tax return that he was a partner but stated that is what he was "instructed to do" and what was required by WBCH. When the referee asked Weinberg if he disputed his status as a partner, Weinberg responded that he challenged that "the entity acts as a partnership."

¶ 12        On November 22, 2011, the Department referee issued its decision affirming the determination that Weinberg was ineligible to receive unemployment benefits. The Department found that Weinberg performed services in the sales department "as a part of a venture for the common benefit" of the partnership and received commissions and a distribution of profits as a partner. The Department found those payments were not wages under the Act but rather were profits paid into the partnership. Weinberg appealed to the Board.

¶ 13        On March 27, 2012, the Board issued a decision affirming the referee's denial of benefits. Weinberg appealed to the circuit court, which remanded for the Board to issue a new decision after determining whether certain proposed exhibits offered by Weinberg should have been admitted into evidence.

¶ 14        On September 27, 2012, the Board issued the decision that is the basis of this appeal. The Board initially noted that Weinberg's exhibits were either cumulative or irrelevant to the issues raised.

¶ 15    The Board stated that for Weinberg to receive benefits under the Act, he must be employed and performing services for a separate entity. The Board noted that partners cannot be in the employ of a partnership, citing *Gibson-McPherson-Sutter Live Stock Comm'n Co. v. Murphy*, 384 Ill. 414 (1943), and that each partner is a principal that lacks an identity separate from the partnership. The Board determined Weinberg's services were provided for the common benefit of all partners.

¶ 16    The Board found that Weinberg's pay was based on his share of partnership profits, as opposed to wages, and that Weinberg was paid from the profits of the firm based upon his sales and his percentage points of ownership in the firm. The Board determined that the guaranteed payments and commissions received by Weinberg were generated from the partnership's profits, and the Board noted Weinberg cited no legal authority that his distribution of profits should be classified as wages. The Board stated Weinberg's status as a partner was not diminished by the existence of two partner classes or the different methods of calculating the distribution of profits to those classes. The Board also stated that prior to Weinberg's filing of an unemployment claim, there was no evidence that Weinberg did not consider himself to be a partner in the firm.

¶ 17    The Board found WBC operates as a partnership, not a corporation, for purposes of unemployment insurance and that Weinberg could not show that he was an employee. The Board concluded Weinberg did not receive any "wages" as defined by section 234 of the Act (820 ILCS 405/234 (West 2010)) during the base period in 2009 and 2010 and was thus ineligible for unemployment benefits.

¶ 18    On November 1, 2012, Weinberg filed a complaint in the circuit court seeking administrative review of the Board's decision. On January 13, 2014, the circuit court reversed the Board's decision, finding it to be against the manifest weight of the evidence. The circuit court found Weinberg's income was based on both commissions and company profits and that his commissions constituted wages under section 234 of the Act. The circuit court remanded the case to the Board for a calculation of the amount of wages earned by Weinberg and the amount of unemployment benefits he should receive. The Department now appeals that ruling.

¶ 19    ¶ 19    On appeal, the Department contends the Board's decision that Weinberg was a partner and that his compensation as a partner should be upheld. The Department asserts that Weinberg's pay consisted of profit distributions he received as a partner and emphasizes the documentation provided by WBC and his investment in the partnership as proof of his partner status.

¶ 20    When considering an appeal from a circuit court's order in an administrative review proceeding, this court reviews the decision of the Board and not that of the circuit court, the referee or the claims adjudicator. *Universal Security Corp. v. Department of Employment Security*, 2015 IL App (1st) 133886, ¶ 12. This court considers the factual findings of the Board of Review to be *prima facie* true and correct, and our review of such findings is limited to whether they are against the manifest weight of the evidence. *Wise v. Department of Employment Security*, 2015 IL App (5th) 130306, ¶ 14.

¶ 21    In this appeal, we review the Board's determination that Weinberg was a partner and therefore was not eligible for unemployment benefits because his remuneration did not constitute "wages" as defined by the Act. The parties agree that the issue presents a mixed question of law and fact. See *Murphy v. Board of Review of the Department of Employment Security*, 394 Ill. App. 3d 834, 836 (2009) (mixed question of law and fact occurs where the

historical facts are admitted or established, the rule of law is undisputed, and the issue is whether the facts satisfy the statutory standard). Such questions are reviewed under the clearly erroneous standard, where the agency's decision will be disturbed only where the reviewing court is left with the definite and firm conviction that a mistake has been committed. *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 211 (2008).

¶ 22 The receipt of unemployment benefits is conditioned on eligibility under the Act, and the burden of establishing eligibility to receive benefits rests upon the claimant. *Lojek v. Department of Employment Security*, 2013 IL App (1st) 120679, ¶ 34. To be eligible for benefits, an individual must have been paid wages during a base period. 820 ILCS 405/500(E) (West 2010); see also 820 ILCS 405/237(A) (West 2010) (defining "base period" as the first four of the last five completed calendar quarters that immediately precede the benefit year). The Act defines "wages" as "every form of remuneration for personal services, including salaries, commissions, bonuses, and the reasonable money value of all remuneration in any medium other than cash." 820 ILCS 405/234 (West 2010).

¶ 23 The Act defines an "employing unit" to include a partnership. 820 ILCS 405/204 (West 2010). However, partners themselves are not employees of the partnership. *Donaldson v. Gordon*, 397 Ill. 488, 495 (1947). Thus, in the case of partnership and partner, there is neither an employing unit nor an individual rendering service to the employing unit, both of which are required under the Act. *Id.*; see also *Wallace v. Annunzio*, 411 Ill. 172, 179 (1952). "A person cannot be an employee and a partner at the same time in the same business." *Tumminaro v. Tumminaro*, 198 Ill. App. 3d 686, 693 (1990).

¶ 24 The following evidence supports the Board's determination that Weinberg was not eligible for unemployment benefits due to his partnership status. In 2007, Weinberg became a principal in WBC, and after the firm's reorganization in 2008, Weinberg became a principal/partner in WBCH, as evidenced by an agreement in the record signed by Weinberg. Weinberg's compensation consisted of a guaranteed payment derived from partnership profits, another monthly amount based on his client base, and a quarterly share of the profits based on the points he had and the $200,000 in capital he invested in the company. Further evidence of partnership status includes the reporting of Weinberg's remuneration for tax purposes on an Internal Revenue Service Schedule K-1, which pertains to partners. Weinberg also was required to pay his own income tax and self-employment tax. Given that evidence, the Board's decision that Weinberg was not eligible for unemployment benefits due to his partnership status was not clearly erroneous.

¶ 25 Weinberg contends the Act does not exempt partners of a partnership from receiving unemployment benefits. Pointing out that he operated under the supervision of other principals and was not a member of the executive committee, Weinberg urges this court to follow the circuit court's determinations that WBC was an "employing unit" and that he earned "wages" as defined by the Act.

¶ 26 We again note that our review is of the decision of the Board, not the decision of the circuit court. See *Universal Security Corp.*, 2015 IL App (1st) 133886, ¶ 12. The determination of this court is based on the considerable volume of evidence contained in the record and the Board's determinations based on those facts. Although Weinberg repeatedly asks this court to look beyond the label of "partner" and consider the facts surrounding his relationship with WBC/WBCH, the testimony and evidence received by the Board establish WBCH's status as a limited partnership and Weinberg's status as a partner. Furthermore, Weinberg's discussion of

the characteristics of an independent contractor does not provide him with relief, as section 212 of the Act exempts independent contractors from receiving unemployment compensation benefits. 820 ILCS 405/212 (West 2010).

¶ 27 As a final note, we have taken with the case consideration of Weinberg's motion to strike a portion of the Department's reply brief. There, the Department asked this court to take judicial notice of Weinberg's repeated admissions of his partnership status, made in a December 2014 filing in a federal lawsuit against WBC for employment discrimination. The Department attached to its reply brief a copy of Weinberg's federal court filing.

¶ 28 Weinberg asks this court to strike that portion of the reply brief pursuant to Illinois Supreme Court Rule 341(h)(7) (eff. Feb. 6, 2013) ("Points not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."). In response, the Department points out that Weinberg's filing occurred after the Department filed its initial brief in this case in September 2014.

¶ 29 The Department's contention that Weinberg was a partner is not a new argument raised for the first time in its reply brief. That position was thoroughly presented throughout the Department's initial brief to this court. The admissions in Weinberg's December 2014 federal court filing simply offer additional support for the Department's argument. Accordingly, Weinberg's motion to strike that portion of the Department's reply brief is denied. Furthermore, the record in this case is replete with evidence of Weinberg's partnership status, and thus, the documentation attached to the reply brief is not needed to support our holding.

¶ 30 In conclusion, the Board's decision that Weinberg was a partner and thus was ineligible for unemployment benefits was not clearly erroneous. Accordingly, the order of the circuit court is reversed. The decision of the Board denying unemployment compensation benefits to Weinberg is affirmed.

¶ 31 Reversed.